

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0117-11

**JEFFERY JAY SOLIZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. MEYERS, J., dissented.

When a person is prosecuted for a crime, a lesser offense is sometimes submitted to the jury. The trial judge makes an initial determination of whether, as a matter of law, an offense qualifies as a lesser-included offense.[1] He then decides whether the lesser offense was raised by the evidence.[2] Appellant contends that the continuous-sexual-abuse-of-a-young-child statute created an exception to that practice. He contends that, for prosecutions under that statute, the jury must determine as a

---

[1] *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

[2] *Id*. at 536.

preliminary matter whether an offense is a lesser-included offense. We reject appellant's contention and affirm the judgment of the court of appeals.

## I. BACKGROUND

Appellant was indicted for continuous sexual abuse of a young child under the statute commonly known as Jessica's Law.[3] Without objection from appellant, the offense of aggravated sexual assault was submitted to the jury as a lesser-included offense. The jury found appellant not guilty of continuous sexual abuse of a young child but guilty of aggravated sexual assault. Rejecting the complaint that is now before us, the court of appeals affirmed the conviction.[4]

## II. ANALYSIS

Penal Code §21.02(b) sets out the offense of continuous sexual abuse. Subsection (c) lists the offenses that may be used as elements of an offense under subsection (b).[5] Subsection (f) bars the State from prosecuting more than one § 21.02 count with the same victim.[6] And subsection (e) limits the circumstances under which a defendant may be convicted of the listed offenses in a proceeding under subsection (b). Subsection (e) provides:

> A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) . . . unless the offense listed in Subsection (c):
>
> (1) is charged in the alternative;

---

[3] *See* TEX. PENAL CODE § 21.02.

[4] *Soliz v. State*, No. 13-09-00474-CR (Tex. App.–Corpus Christi-Edinburg October 7, 2010).

[5] E.g., sexual assault under Section 22.011.

[6] TEX. PENAL CODE § 21.02(f) ("A defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.").

(2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or

(3) *is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).*[7]

Contending that "consider" generally means "to think about carefully and seriously,"[8] appellant argues that the statutory provision requires the jury to deliberate on whether a submitted lesser offense is in fact a lesser-included offense of the crime charged. We disagree.

When we interpret statutes, we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation.[9] If the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning.[10] But if the plain language of a statute would lead to absurd results, or if the language is not plain but is ambiguous, then and only then, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history.[11] We believe that the language of subsection (e)(3) is ambiguous, so we also look to extratextual factors for guidance.

Two questions arise: Why was subsection (e)(3) included at all? And, why was subsection (e)(3) worded as it was? The answer to the first question depends in large part upon the legislature's

---

[7] TEX. PENAL CODE § 21.02(e) (emphasis added).

[8] Appellant cites AMERICAN HERITAGE DICTIONARY 313 (2nd College Ed. 1991).

[9] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[10] *Id*.

[11] *Id*.

purpose in including subsection (e) in its entirety.

In subsection (c) of the statute, the legislature provided that certain offenses, such as aggravated sexual assault, could qualify as underlying acts of sexual abuse for the crime of continuous sexual abuse of a young child.[12]  But the legislature further provided, in subsection (d), that the jury did not have to be unanimous regarding the underlying acts of sexual abuse.[13]  Subsections (e) and (f) appear to be designed to prevent problems that might arise from the legislature's relaxation of the unanimity requirement.  As we observed earlier, subsection (f) bars the State from prosecuting more than one § 21.02 count with the same victim.[14]  For example, if the defendant committed ten aggravated sexual assaults against the victim, the State could not decide to pursue two § 21.02 counts encompassing five incidents apiece.

Subsection (e) prevents the State from mixing a § 21.02 count with a count for a discrete sexual offense that could have served as part of the § 21.02 count.[15]  The discrete sexual offense must either be charged in the alternative, fall outside the time period for the § 21.02 count, or, as in the present case, be submitted as a lesser-included offense.[16]  Aggravated sexual assault committed within the time frame of the indicted offense could be charged in the alternative or as a lesser-included offense (leading to just one conviction), but it could not be charged as an *additional* offense (leading to two convictions).

---

[12]  TEX. PENAL CODE § 21.02(c).

[13]  *Id.*, § 21.02(d).

[14]  *See* this opinion, footnote 6.

[15]  *See id.*, § 21.02(e).

[16]  *Id.*

The legislative history of §21.02 supports our conclusion that the legislature did not intend to create an exception to the normal rule that the trial judge determines whether a lesser offense should be submitted to the jury. The purpose of the new statute is found in the bill analysis for House Bill 436 during the 80th legislative session (2007):

> According to Texas Court of Criminal Appeals Judge Cathy Cochran, "We are headed for a train wreck in Texas law because our bedrock procedural protections cannot adapt to the common factual scenario of an ongoing crime involving an abusive sexual relationship of a child under current penal provisions." *Dixon v. State*, 201 S.W.3d 731 (Tex. Crim. App. 2006) (Cochran, J., concurring). In that same opinion, she recommends that the legislature remedy the problem by establishing a crime that focuses on the pattern of abuse over a period of time by an adult against a young child.[17]

Similar comments were made by Senator Shapiro in a committee hearing on the companion bill, Senate Bill 78, the bill that ultimately passed and created § 21.02.[18] Given the avowed purpose of § 21.02 to avoid the "train wreck" in our law by "establishing a crime that focuses on the pattern of abuse over a period of time," it makes sense that the legislature would not allow the State to carve individual offenses out of that pattern and thus reintroduce the problems the statute was designed to address.

More to the point, Senator Shapiro spoke specifically on the provision at issue in this case. The lesser-included-offense provision was not part of the original version of the bill. And because subsection (e) provided that a defendant could not be convicted of a discrete sexual offense that was included within the alleged § 21.02 offense (unless the former met certain requirements), the absence of the lesser-included provision meant that the submission of lesser-included offenses was simply

---

[17] Italics added.

[18] Senate Comm. on Criminal Justice, public hrg., S.B. 78, video at 37:23-38:07 (March 20, 2007).

not authorized by the statutory language. Senator Shapiro explained that the amendment adding the lesser-included provision was meant to address that problem: "There will not have to be a retrial as long as it is within the confines of the continuous sexual assault. . . . If in fact during the trial of the continuous sexual assault, . . . the jury says that maybe they couldn't find him guilty or her guilty of all of the continuous actions, they can specify one of these five [sexual offenses] without actually having to go back and retrying this case again."[19] In later testimony, Williamson County District Attorney John Bradley explained that prosecutors would be free to plea bargain, and "the provision that Senator Shapiro added in the substitute makes it expressly clear that I can do that by talking about lesser-included offenses."[20]

Notably, no bill sponsor or witness ever stated that the lesser-included-offense provision was designed to modify how a jury must deliberate on lesser-included offenses. Subsection (e) was designed as an anti-carving provision but, without the lesser-included-offense provision, it would have had the side effect of banning lesser-included offenses.

But the second question remains: why did the legislature include the language "considered by the trier of fact to be," rather than just saying that a conviction could be had for an offense that is a lesser-included offense? We are unaware of any other statute in which a lesser-included-offense provision such as this exists, or would even be necessary. So we have little basis for discerning whether the legislature's choice of words was intended to have some unusual effect.

To the extent that a continuous-sexual-abuse indictment alleges certain specific offenses, an

---

[19] *Id.*, video at 41:25-42:05. It is not apparent how a retrial could arise in such a situation, but perhaps Senator Shapiro's comments referred to issues we addressed in *Collier v. State*, 999 S.W.2d 799 (Tex. Crim. App.1999).

[20] *Id.* 49:17-49:42

"offense listed under Subsection (c)" will *always* meet the first step of the *Hall* analysis. It will always be "a lesser included offense of the offense alleged under Subsection (b)."[21] Unlike cases in which the lesser offense is not actually listed in the indictment (e.g. criminally negligent homicide in a murder indictment), continuous sexual abuse is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c). It would be absurd to conclude that the legislature intended to create an exception, for this statute alone, that would require the trier of fact to make a separate finding regarding an issue that is a pure question of law that, even more than in most cases, is readily apparent from the face of the indictment. We believe that "considered by the trier of fact to be" was intended to ensure that the lesser-included offense was one that was actually submitted to the jury, "considered" by the jury, and found to be true.

We affirm the judgment of the court of appeals.

Delivered: October 5, 2011
Publish

---

[21] *See Hall*, 225 S.W.3d at 535-36.