**Affirmed in part and Vacated in Part, and Opinion filed March 25, 2014.**



**In the**

# Fourteenth Court of Appeals

---

**NO. 14-12-00920-CR**
**NO. 14-12-00922-CR**

---

**PHILIP WADE ELLISON, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 67168 and 67695**

---

### O P I N I O N

In separate indictments, appellant Philip Wade Ellison was convicted of the felony offense of continuous violence against the family in cause number 67695 and adjudicated guilty of the felony offense of continuous violence against the family in cause number 67178. Ellison was sentenced to five years for each offense, to run concurrently. In his sole issue on appeal, appellant argues that his

double jeopardy rights were violated because the conviction in cause number 67695 constitutes a second prosecution for the same offense after conviction and subjects him to multiple punishments for the same offense. We sustain appellant's issue, and affirm the trial court's judgment adjudicating guilt in cause number 67168 and vacate the trial court's judgment on the conviction in cause number 67695.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2012, appellant Philip Wade Ellison was indicted for the offense of continuous violence against the family. The indictment in cause number 67168 alleged that appellant on or about December 19, 2011, intentionally, knowingly, or recklessly caused bodily injury to Angela Howell, a person with whom he has or has had a dating relationship, by slamming her head into a table; and on or about December 21, 2011, intentionally, knowingly, or recklessly caused bodily injury to Howell by slamming her head into a bar, and said conduct by appellant occurred during a period that was 12 months or less in duration. On April 5, 2012, appellant pleaded guilty to this charge; the trial court accepted the plea agreement and ordered three years' deferred adjudication community supervision.

On May 3, 2012, appellant was indicted for the offense of continuous violence against the family. The indictment in cause number 67695 alleged that appellant on or about April 17, 2012, intentionally, knowingly, or recklessly caused bodily injury to Angela Howell Worstell,[1] a person with whom he has or has had a dating relationship, by hitting her with his hand; and on or about December 19, 2011, intentionally, knowingly, or recklessly caused bodily injury to

---

[1] There is no dispute that Worstell and Howell refer to the same individual. We refer to the victim as Worstell throughout the remainder of this opinion.

Worstell by slamming her head into a table, and said conduct by appellant occurred during a period that was 12 months or less in duration; and on or about December 21, 2011, intentionally, knowingly, or recklessly caused bodily injury to Worstell by slamming her head into a bar, and said conduct by appellant occurred during a period that was 12 months or less in duration. Also, the State filed a motion to adjudicate guilt and revoke community supervision in cause number 67168, alleging that appellant violated the terms of his community supervision by committing another act of family violence.

Appellant pleaded "not guilty" to the new indictment for continuous violence against the family before a jury and "not true" to the alleged violation of his community supervision before the trial court. The motion to adjudicate was carried with the trial on the new indictment. At trial, the jury heard testimony from Officer Berryhill with the Clute Police Department. Berryhill testified that he responded to a disturbance at the Pam Motel on April 17, 2012, in Clute, Texas. He met with Angela Howell Worstell, who had a "golf-ball-size" bruise and swelling on her left cheek, and bruising and swelling on her left arm. Worstell appeared as if she had been in a fight and was angry, upset, and afraid. Worstell told Berryhill that appellant, her boyfriend since April 2010, had struck her with his hand several times.

They jury also heard testimony from Officer O'Sullivan with the Clute Police Department.[2] O'Sullivan testified that he was called to Brazosport Memorial Hospital regarding a reported case of domestic abuse on December 21, 2011. O'Sullivan met with Worstell in the emergency room. Worstell was bleeding from a six-inch gash that extended from the top of her skull to her

---

[2] O'Sullivan's trial testimony substantially tracked the facts contained in the affidavit of probable cause that was admitted in support of appellant's guilty plea in cause number 67168.

3

forehead. Worstell was "[s]cared, mad, upset." Worstell told O'Sullivan that she and her boyfriend appellant had been in an argument and he had slammed the back of her head against a bar. O'Sullivan called for an investigator to report to the scene, and Sergeant Harris, a detective with the Clute Police Department, responded to the hospital.[3] Harris observed a large, bleeding laceration on Worstell's head. Worstell was crying and upset, and told Harris that her boyfriend, appellant, had slammed her head against a service bar in the kitchen of her apartment. Harris also observed a "scabbed-over gash" that appeared to be a couple of days old in the middle of Worstell's forehead, right between her eyes. Worstell told Harris that appellant had slammed her head into a tabletop in her apartment two days before.

The jury found appellant guilty of continuous violence against the family in cause number 67695 and sentenced him to five years' incarceration. The trial court found that appellant violated the terms of his community supervision. The trial court revoked appellant's community supervision, adjudicated him guilty of continuous violence against the family in cause number 67168, and sentenced him to a like term of five years' incarceration, to run concurrently.

Appellant's original brief challenges his conviction in cause number 67695 but does not raise a separate issue challenging his conviction in cause number 67168. This court ordered appellant's appointed counsel to file a brief to comply with the appellate rules and the procedures of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant's counsel filed a brief in which he concludes the appeal in cause number 67178 is without merit and frivolous because the record reflects no reversible error. The brief meets the *Anders* requirements by presenting

---

[3] Harris's trial testimony also substantially tracked the facts contained in the affidavit of probable cause that was admitted in support of appellant's guilty plea in cause number 67168.

4

a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). As of this date, more than 45 days has passed and no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal in cause number 67178 is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court adjudicating guilt in cause number 67178 is affirmed.

## II.     DOUBLE JEOPARDY

In his sole issue, appellant challenges the conviction and sentence for continuous violence against the family imposed in cause number 67695 as a violation of the double jeopardy clause. Appellant argues that his conviction for continuous violence against the family in cause number 67695 should be vacated because use of the same assaultive facts alleged in his first indictment and to which appellant already had pleaded guilty constitutes a double jeopardy violation.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *See N. Carolina v. Pearce*, 395 U.S. 711,

717, 89 S. Ct. 2072 (1969). This guarantee is applicable to all states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 796, 89 S. Ct. 2056 (1969). The double jeopardy clause embodies three essential guarantees: (1) it protects against a successive prosecution for the same offense after acquittal; (2) it protects against a successive prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221 (1977); *Evans v. State*, 299 S.W.3d 138, 140–41 (Tex. Crim. App. 2009).

As a general rule, the State is entitled to "one and only one, opportunity to require an accused to stand trial." *Ex parte Goodman*, 152 S.W.3d 67, 71 (Tex. Crim. App. 2004) (citing *Ariz. v. Wash.*, 434 U.S. 497, 505, 98 S. Ct. 824 (1978)). The guarantee of not being twice placed in jeopardy serves "a constitutional policy of finality for the defendant's benefit." *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). In the context of a guilty plea, Texas courts recognize that jeopardy attaches when a plea agreement is accepted. *Ortiz v. State*, 933 S.W.2d 102, 106–07 (Tex. Crim. App. 1996). At that point, the defendant "has a vested interest in the finality of the proceeding" and has been "put to trial before the trier of fact." *Id.* at 106.

## A. Waiver of double jeopardy claim

Appellant acknowledges that there is nothing in the record to indicate that his trial counsel raised the issue of double jeopardy before or during trial. However, he argues that his claim is not waived. We agree.

Because of the fundamental nature of double jeopardy protections, an appellant is excused from the preservation requirement when: (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) when enforcement of usual rules of procedural default serves no

legitimate state interests. *Roy v. State*, 76 S.W.3d 87, 93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 ((Tex. Crim. App. 2000)). An appellant must satisfy both prongs of the *Gonzalez* test in order to raise his complaint for the first time on appeal. *Roy*, 76 S.W.3d at 93.

With regard to the first prong, we have stated that an appellant "has the burden of presenting the necessary record rather than meeting the burden of demonstrating from the face of the record already before the appellate court that an undisputed double jeopardy violation was involved." *Id.* at 94. We conclude that the first prong has been met. Appellant was tried on the second indictment, and the trial court, which was the same court that originally accepted appellant's guilty plea and ordered deferred adjudication on the first indictment, carried the State's motion to adjudicate with the trial. Thus, both cases were necessarily before the trial court, and the court knew or should have known of the potential jeopardy issue. *See id.* Further, appellant has brought forth a complete developed record on appeal, and we can resolve his claim based on that record without the necessity of further evidentiary proceedings. *See id.* If a double jeopardy violation exists, we can determine it from the undisputed facts clearly apparent on the face of the record. *See id.*

We also conclude that the second prong has been met. If appellant is successful on his double jeopardy claim, the appropriate remedy is to retain the conviction with the most serious punishment and vacate any remaining convictions that are the same for double jeopardy purposes. *Id.* (citing *Ball v. United States*, 470 U.S. 856, 864, 105 S. Ct. 1668 (1985), and *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997)). A successful double jeopardy challenge will not require a retrial or remand to the trial court. *See id.* As a result, there are no legitimate state interests that would be negatively impacted by allowing appellant

7

to raise his double jeopardy claim for the first time on appeal.  *See id.* at 94–95.

We now consider the merits of appellant's double jeopardy claim.

## B. Appellant's conviction on the second indictment subjected him to double jeopardy.

Appellant contends, and we agree, that this case presents one of first impression.[4]

Under section 25.11 of the Penal Code, Continuous Violence Against the Family:

> A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

Tex. Penal Code § 25.11(a) (West 2013).  Section 22.01(a)(1) of the Penal Code, Assault, provides that "[a] person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another."  *Id.* § 22.01(a)(1).  The parties do not dispute that the relationship between appellant and Worstell is covered by section 71.0021(b) of the Family Code, which defines a

---

[4] There have been few cases involving section 25.11 of the Penal Code, Continuous Violence Against the Family.  None deals with double jeopardy.  Our court has rejected a claim that section 25.11 was unconstitutional on its face.  *See Ex parte Morales*, 416 S.W.3d 546, 549–50 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (appellant's indictment alleged he committed two acts of violence that caused bodily injury to same member of his family).  And, in an unpublished opinion, the El Paso court of appeals reformed a judgment to delete a cumulation order, concluding that the two offenses at issue—aggravated assault with a deadly weapon involving one "paramour" and continuous family violence involving a second "paramour"—arose from the same "criminal episode" and were prosecuted in a single criminal action for purposes of section 3.03(a) of the Texas Penal Code.  *Duncan v. State*, No. 08-12-00362-CR, 2013 WL 5716396, at *2–4 (Tex. App.—El Paso Oct. 18, 2013, no pet.) (not designated for publication).

"dating relationship" as "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." Tex. Fam. Code Ann. § 71.0021(b) (West 2008 & Supp. 2013).

Appellant contends that this case involves successive prosecutions and multiple punishments for the same offense. Appellant notes only one statute with the same elements is involved, and the only difference is that the second indictment alleges a third factual transaction not alleged in the first indictment.

As a threshold matter, the State argues that appellant was not subject to successive prosecutions because he has had only one trial. This is incorrect. Appellant already had pleaded guilty, and the trial court already had accepted his negotiated plea agreement to continuous violence against the family on the first indictment. *See Ortiz*, 933 S.W.2d at 106–07. For purposes of double jeopardy, appellant had been "put to trial before the trier of fact" on his first charge of continuous family violence. *See id.* at 106.

The ultimate question is whether appellant is entitled to double jeopardy relief because he was subjected to more than one prosecution or punishment for the same offense.[5] The legislature "defines whether offenses are the same by prescribing the allowable unit of prosecution, which is 'a distinguishable discrete

---

[5] The *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932), "same elements" test is not "precisely applicable" in this situation because two different statutory provisions are not at issue. *See Goodman*, 152 S.W.3d at 70 n.5 (concluding that court of appeals erred by applying test because "[t]he *Blockburger* test applies when one criminal act or transaction violates two distinct statutory provisions"); *see also Garfias v. State*, —S.W.3d—, No. PD-1544-12, 2014 WL 714718, at *2 (Tex. Crim. App. Feb. 26, 2014) ([A]n 'elements' analysis is appropriate when the offenses in question come from different statutory sections[.]"); *Harris v. State*, 359 S.W.3d 625, 629 n.4 (Tex. Crim. App. 2011) ("In cases involving multiple violations of the same statute, the "same elements" test for the purposes of a double jeopardy analysis does not apply."); *Bailey v. State*, 44 S.W.3d 690, 693 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 87 S.W.3d 122 (Tex. Crim. App. 2002) ("In cases where a defendant's conduct allegedly violates the same statute more than once, we do not apply the *Blockburger* test.")

9

act that is a separate violation of the statute.'" *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (citations omitted). In determining whether a defendant's conduct involves one or more distinct offenses under a single statute, we must ascertain the "allowable unit of prosecution" under the statute as a matter of statutory construction. *Id.*; *Bailey v. State*, 44 S.W.3d 690, 693 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 87 S.W.3d 122 (Tex. Crim. App. 2002) (citing *Vineyard v. State*, 958 S.W.2d 834, 836–37 (Tex. Crim. App. 1998)). "Once the legislative body has defined a statutory offense by the 'allowable unit of prosecution,' that proscription determines the scope of protection afforded by a prior conviction or acquittal." *Bailey*, 44 S.W.3d at 693 (citing *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989)). The determination of the allowable unit of prosecution "is a necessary step when a multiple-punishments claim deals with two offenses from the same statutory section." *Garfias v. State*, —S.W.3d—, No. PD-1544-12, 2014 WL 714718, at *3 (Tex. Crim. App. Feb. 26, 2014). In the multiple-punishment context, two offenses also may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the legislature has made it clear that only one punishment is intended. *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008); *see Langs v. State*, 183 S.W.3d 680, 685 n.15 (Tex. Crim. App. 2006) ("[L]egislative intent is the primary consideration in any multiple-punishment double jeopardy claim.").

Statutory construction is a question of law that we review de novo. *Harris*, 359 S.W.3d at 629 (citing *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009)). In construing a statute, we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Id.* (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "Under the canons of statutory

construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (citing *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008)). We focus on the literal text of the statutory language, reading it in context and construing it according to grammar rules and usage. *Id.* (citing Tex. Gov't Code § 311.011(a)).

The State's position is that it could indict appellant under section 25.11 for the series of two assaults against Worstell in December 2011 and then indict him again under section 25.11 for the series of three assaults against Worstell, including the same two assaults from December and a third from April 2012. In other words, under the State's interpretation of section 25.11, each series of assaults against Worstell, even though the second series involves an overlap of two of the same acts from the first series and involves the same time frame, is a distinct, allowable unit of prosecution. We disagree under the circumstances here.

> Consider subsection (d) of section 25.11:
>
> A defendant may not be charged with more than one count under Subsection (a) if all of the specific conduct that is alleged to have been engaged in is alleged to have been committed against a single victim or members of the same household, as defined by Section 71.005, Family Code.

Tex. Penal Code § 25.11(d). Thus, the plain language of the statute appears to bar the State from prosecuting a defendant for more than one section 25.11 count if all of the section 22.01(a) assaultive conduct allegedly engaged in during the applicable period of 12 months or less under subsection (a) is allegedly committed against "a single victim." *See id.*; *id.* § 25.11(a). This subsection does not limit its application to the same criminal action. While the statute does not expressly state

that "the allowable unit of prosecution shall be such-and-such," *see Harris*, 359 S.W.3d at 630, this prohibition is a strong indication that the legislature intended the allowable unit of prosecution to be a series of two or more bodily-injury assaults within the same 12-months-or-less period per victim (or per "household").

Although not expressly in the context of a double jeopardy challenge, the Texas Court of Criminal Appeals has interpreted section 21.02 of the Penal Code, Continuous Sexual Abuse of Young Child or Children.[6] *Soliz v. State*, 353 S.W.3d 850, 851–53 (Tex. Crim. App. 2011). Employing substantially similar language as that in section 25.11(d), section 21.02(f) provides:

> A defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.

Tex. Penal Code § 21.02(f) (West 2013); *see id.* § 21.02(b) ("A person commits an offense if . . . during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more [child] victims[.]"). The *Soliz* court provided an example of what the plain language of this prohibition means: "if the defendant committed ten aggravated sexual assaults against the victim, the State could not decide to pursue two § 21.02 counts encompassing five incidents apiece"

---

[6] The State itself analogizes section 21.02 to section 25.11 and cites section 21.02 cases in arguing that the individual acts of family violence as alleged in appellant's first indictment are not elements of the offense of continuous violence against the family but instead are evidentiary facts that can be alleged in a subsequent charging instrument. These cases do not bind our court. Moreover, we do not find the State's cited cases to conflict with our analysis here. *See Jacobsen v. State*, 325 S.W.3d 733, 736–37 (Tex. App.—Austin 2010, no pet.) (construing plain language of section 21.02(d) and determining actus reus element of offense for unanimity purposes to be "the pattern of behavior or the series of acts"); *Reckart v. State*, 323 S.W.3d 588, 601 (Tex. App.—Corpus Christi 2010, pet. ref'd) (relying on *Jacobsen* in rejecting appellant's argument that section 21.02 allows non-unanimous verdict on each element of offense).

12

within the time period at issue. 353 S.W.3d at 852. Applying that precise example here, even if appellant committed ten acts of bodily-injury assault against Worstell within the same 12-months-or-less period at issue, the State could not decide to charge him with two section 25.11 counts encompassing a series of five incidents apiece. *See id.*

The *Soliz* court also interpreted section 21.02(e),[7] which again substantially tracks section 25.11(c),[8] and explained subsection (e) bars the State from mixing a section 21.02 count with a count for a discrete underlying sexual offense that could have served as part of the section 21.02 count. *Id.* at 852–53. Thus, "[a]ggravated sexual assault committed within the time frame of the indicted offense could be charged in the alternative or as a lesser-included offense (leading to just one

---

[7] Section 21.02(e) provides:

A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

> (1) is charged in the alternative;

> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or

> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

Tex. Penal Code § 21.02(e).

[8] Section 25.11(c) provides:

A defendant may not be convicted in the same criminal action of an offense the victim of which is an alleged victim of the offense under Subsection (a) and an element of which is any conduct that is alleged as an element of the offense under Subsection (a) unless the offense:

> (1) is charged in the alternative;

> (2) occurred outside the period in which the offense alleged under Subsection (a) was committed; or

> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (a).

Tex. Penal Code § 25.11(c).

13

conviction), but it could not be charged as an *additional* offense (leading to two convictions)." *Id.* at 853. The legislature thus expressed its intention that only one punishment was intended in cases of continuous sexual abuse where the specific underlying acts of sexual abuse for which the defendant was convicted occurred against the same victim and within the period the continuous sexual abuse occurred. *See* Tex. Penal Code § 21.02(e). Applying that example here, where the circumstances involved the same 12-months-or-less period and same alleged family victim Worstell, the State could not charge appellant both with continuous violence against the family and, as an additional offense, with bodily-injury assault for each underlying instance of violent conduct. *See Soliz*, 353 S.W.3d at 853. In other words, a double jeopardy violation results if the State attempts to punish appellant for any underlying bodily-injury assault both under a separate assault count and as part of a continuous family violence count.

*Soliz* involved a single prosecution for continuous sexual abuse of a child where the jury convicted and punished the appellant for the lesser-included offense of aggravated sexual assault; however, we see no reason not to apply its examples in the context of the multiple-prosecution, multiple-punishment double jeopardy challenge here.[9] In other words, after the trial court accepted appellant's

---

[9] Three courts of appeals so far have addressed double jeopardy issues in the section 21.02 context; however, none of the cases involved subsequent prosecutions for the same offense. In *Price v. State*, the court found a double jeopardy multiple-punishment violation where the defendant was convicted of attempted aggravated sexual assault and continuous sexual abuse. 413 S.W.3d 158, 163–64 (Tex. App.—Beaumont 2013, pet. granted). In an unpublished case, *Lewis v. State*, the State did not dispute that a violation occurred where the defendant was convicted of three counts of continuous sexual abuse—count one against victims 1 and 2, count two against victim 1, and count three against victim 2. No. 02-10-00004-CR, 2011 WL 2755469, at *8 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (not designated for publication) (vacating count one). In an unpublished case, *Vazquez v. State*, the Dallas court found no double jeopardy violation on the face of the record where testimony allowed the jury to convict defendant of section 21.02 offense based on valid theory of two or more instances of indecency with a child. No. 05-12-00548-CR, 2013 WL 5614300, at *7 (Tex. App.—Dallas Oct. 14, 2013, pet. ref'd) (continuous sexual abuse of a child and aggravated sexual assault of a

14

negotiated guilty plea on the offense of continuous violence against the family in cause number 67168 for the series of two December 2011 bodily-injury assaults, appellant could not be prosecuted or punished again for the same instances of bodily-injury assaultive conduct within that series, either as part of another section 25.11 offense or for the underlying discrete bodily-injury assaults themselves without being subjected to double jeopardy.

Moreover, we do not agree with the State that our interpretation leads to an absurd result that essentially ties the State's hands in bringing additional charges against appellant for additional family violence against Worstell. Nothing in section 25.11 or otherwise in the Penal Code prohibits the State from bringing a section 22.01(a)(1) assault charge against appellant based on the events allegedly occurring on April 17, 2012. And because appellant already has pleaded guilty to and thus "has been previously convicted" of an offense under section 25.11 against a person who has a dating relationship with him, such charge would qualify as a felony of the third degree—the same felony degree as a continuous violence against the family offense. *See* Tex. Penal Code § 22.01(b)(2)(A), 22.01(f)(1) (West 2013); *id.* § 25.11(e). Or, if appellant had committed a series of at least two additional bodily-injury assaults involving Worstell within a different 12-months-or-less time period, then the State of course could have indicted him for a second continuous violence against the family offense.[10]

We therefore conclude the plain, clear language of section 25.11 indicates that the allowable unit of prosecution for double jeopardy purposes here is a series

---

child).

[10] *See Herron*, 790 S.W.2d at 630 n.5 ("To acknowledge that the Government has 'broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case,' however, is not to say that an accused 'may be convicted and punished for two offenses.'") (quoting *Ball*, 470 U.S. at 859–61).

15

of at least two bodily-injury assaults committed within a certain 12-months-or-less period against a single victim in a dating relationship with appellant. *See id.* § 25.11(d). Moreover, the statutory scheme of section 25.11 indicates that only one punishment is intended in cases of continuous family violence where the specific underlying acts of bodily-injury assault upon which the defendant was convicted occurred against the same victim and within the same period the continuous family violence occurred. *See id.* § 25.11(c). "[T]he scope of [double jeopardy] protection afforded by a prior conviction" for continuous violence against the family thus would not reach any conduct falling outside such allowable unit of prosecution, for which appellant had not already been punished. *See Bailey*, 44 S.W.3d at 693.

Here, appellant's conviction and punishment for continuous family violence in cause number 67168 clearly involved both the December 19 and 21 instances of assaultive conduct against Worstell. But the second indictment of appellant here involved these exact same two instances of bodily-injury assault against his girlfriend Worstell, with no indication that a different time period was at issue. These December 2011 acts of violent conduct alleged in appellant's second indictment thus fell within the same allowable unit of prosecution as the first offense, and appellant already had been subjected to one prosecution and punishment for them. The double jeopardy violation here stemmed from the impermissible overlap of two of the same underlying instances of bodily-injury assault against the same victim during the same time period. The only additional alleged conduct—the April 2012 bodily-injury assault against Worstell—could not on its own have supported a second section 25.11 conviction and punishment against appellant. Therefore, the face of the record conclusively shows a double jeopardy violation. *See Roy*, 76 S.W.3d at 99. We sustain appellant's sole point of

16

error.

"The remedy for impermissible multiple convictions and punishments is to retain the most serious offense and vacate the other, the more serious offense ordinarily being defined as the offense for which the greatest sentence was assessed." *Littrell*, 271 S.W.3d at 279 n.34. Here, both the jury and the trial court assessed identical terms of punishment and no fines or restitution—the offenses thus are equally "serious." *See Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007). However, it is the second offense for continuous violence against the family that subjected appellant to double jeopardy.

### III.  CONCLUSION

Accordingly, we vacate appellant's conviction and sentence of five years' confinement for the offense of continuous violence against the family in cause number 67695. We affirm appellant's adjudication of guilt for the offense of continuous family violence and sentence of five years' confinement in cause number 67168.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Donovan, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

17