# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-10-00348-CR

**Michael Cooper, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-DC-09-301725, THE HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Michael Cooper and two co-defendants were indicted for multiple counts of aggravated robbery arising out of a single home invasion that involved the attack of several people inside the home by multiple assailants using multiple weapons. *See* Tex. Penal Code § 29.03. A jury convicted appellant of five counts of aggravated robbery.[1] The jury assessed appellant's punishment at imprisonment for 60 years on two counts, 80 years on two counts, and 65 years on the final count. *See id.* § 12.32. The trial court sentenced appellant in accordance with the jury's verdicts, ordering all five sentences to run concurrently.

---

[1] Specifically, appellant was convicted of aggravated robbery causing bodily injury to Andrew Chaney (Count I), aggravated robbery by threat to Andrew Chaney (Count II), aggravated robbery causing bodily injury to James Barker (Count III), aggravated robbery by threat to James Barker (Count IV), and aggravated robbery causing bodily injury to Paul Linden (Count VII).

Though not raised at trial, in two of three points of error on appeal, appellant urged double-jeopardy claims based on his convictions for both aggravated robbery causing bodily injury and aggravated robbery by threat in connection with the same victim (Andrew Chaney on Counts I and II; James Barker on Counts III and IV). On original submission, this Court concluded that appellant did not suffer a double-jeopardy violation. *See Cooper v. State*, 373 S.W.3d 821, 829 (Tex. App.—Austin 2012). On discretionary review, the Texas Court of Criminal Appeals disagreed and concluded that "appellant's challenged convictions do violate the double-jeopardy clause."[2] *See Cooper v. State*, 430 S.W.3d 426, 427 (Tex. Crim. App. 2014). The court reversed this Court's judgment and remanded the cause for "further proceedings and appropriate disposition." *Id.*

## DISCUSSION

When a defendant is subjected to multiple punishments for the same offense, the remedy is to affirm the conviction for the most serious offense and vacate the other conviction. *Ex parte Denton*, 399 S.W.3d 540, 547 (Tex. Crim. App. 2013); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). The "most serious offense" is the offense for which the greatest sentence was assessed. *Denton*, 399 S.W.3d at 547; *Cavazos*, 203 S.W.3d at 338. When the two sentences are the same, other factors can be considered in determining which offense is the most serious offense. *See Bigon v. State*, 252 S.W.3d 360, 373 (Tex. Crim. App. 2008) (looking to degree

---

[2] The entirety of the court's discussion of appellant's double-jeopardy claims is contained in one sentence of the one-page majority opinion: "After reviewing the opinion of the court of appeals, the record, and the briefs of the parties, we conclude that appellant's challenged convictions do violate the double-jeopardy clause." *See Cooper v. State*, 430 S.W.3d 426, 427 (Tex. Crim. App. 2014).

of offense); *Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007) (using deadly-weapon finding); *Cavazos*, 203 S.W.3d at 338–39 (using restitution assessed).

In the instant case, the jury assessed an identical term of years for each challenged conviction: 60 years for Counts I and II, 80 years for Counts III and IV. The convictions are for offenses of the same degree (first-degree felonies), no fine or restitution was assessed for either conviction, and deadly-weapon findings were entered in both judgments of conviction. The offenses are thus equally "serious." *See, e.g.*, *Ellison v. State*, 425 S.W.3d 637, 648 (Tex. App.—Houston [14th Dist.] 2014, no pet.). However, it is the second convictions for aggravated robbery against each victim that subjected appellant to double jeopardy (Counts II and IV). *See id.*

## CONCLUSION

The court of criminal appeals' discretionary review and subsequent remand do not affect our analysis or disposition of appellant's third point of error on original submission (the trial court's denial of his motion for new trial). *See Cooper*, 373 S.W.3d at 830–31. As to the double-jeopardy claims asserted in his first two points of error, we conclude on remand that appellant's convictions for aggravated robbery in Counts I and II and appellant's convictions for aggravated robbery in Counts III and IV are for equally serious offenses, but that the latter convictions for each victim subjected appellant to double jeopardy.

Accordingly, we affirm the trial court's judgments of conviction for aggravated robbery in Counts I and III; we vacate the trial court's judgments of conviction for aggravated

3

robbery in Counts II and IV.[3]  We again affirm the trial court's judgment of conviction for aggravated robbery in Count VII.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed in part; Vacated in part on Remand

Filed:   July 11, 2014

Do Not Publish

---

[3] After this cause was remanded back to this Court, the parties filed a *Joint Motion to Vacate Appellant's Convictions for Counts II and IV*.  Their request is consistent with our conclusion that the offenses are equally serious and the convictions for Counts II and IV subjected appellant to double jeopardy.  We therefore grant the motion.

4