The STATE of Texas, Appellant,

v.

Christopher Ray MALDONADO, Appellee.

NUMBER 13-16-00317-CR

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed April 6, 2017

Hon. Edward P. Wilkinson, Attorney at Law, P.O. Box 2727, Victoria, TX 77902, for Appellant.

Hon. Stephen B. Tyler, District Attorney, 205 N. Bridge St., Suite 301, Victoria, TX 77901, for Appellee.

Before Justices Contreras, Benavides and Longoria

## OPINION

Opinion by Justice Longoria

The State of Texas appeals an order granting appellee Christopher Ray Maldonado's pretrial petition for a writ of habeas corpus and dismissing the indictment against him as barred by double jeopardy.[1] We affirm.

## I. BACKGROUND

In June 2015, Maldonado was charged with an offense involving family violence and released on bond. Certain conditions of his bond required him to avoid contacting the complainant in the case or going near her residence. Two months later, the State charged Maldonado in cause number 15-08-28904-A with violating the conditions of his bond "in a family violence case, related to the safety of the victim" two or more times in a period of twelve months or less. *See* Tex. Penal Code Ann. § 25.072(a) (West, Westlaw through 2015 R.S.). The indictment specifically alleged that on or about July 7, 2015 Maldonado communicated with the complainant on June 7, 2015 by phone and in person.

Maldonado pled not guilty, and a jury was empaneled and sworn. After reading the indictment aloud, the prosecutor representing the State moved to amend the indictment so that it would allege the violations occurred on July 7, 2015 instead of June 7. The prosecutor specifically informed the court that the date of June 7 was an error and that the correct date was July 7. The trial court denied the State's motion. The State moved to dismiss the indictment, and the trial court granted the motion.

The State later charged Maldonado under cause number 15-10-28976-A with another violation of section 25.072. This second indictment alleged that on or about the "7th day of July, 2015; 14th day of April, 2015" Maldonado violated the conditions of his bond "in a family violence case, related to the safety of the victim" by communicating by phone and again in person with the same complainant alleged in the previous indictment. The second indictment further alleged that Maldonado violated the conditions of his bond a third time by going near the same complainant's residence. Despite the mention of April 14 in the indictment, all three violations allegedly occurred on July 7, 2015.

Maldonado filed a petition for a writ of habeas corpus alleging that prosecuting him under the second indictment would subject him to a second prosecution for the same offense in violation of his double jeopardy rights.[2] Following a hearing, the trial court granted Maldonado's petition and dismissed the indictment. This appeal followed.

---

1. This Court has jurisdiction because the State is appealing an order sustaining a claim of former jeopardy. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(4) (West, Westlaw through 2015 R.S.).

2. Maldonado originally filed a special plea of former jeopardy making the same argument. *See id.* art. 27.07 (West, Westlaw through 2015 R.S.). The trial court granted the plea, and the State appealed. A different panel of this Court reversed and remanded without addressing the double jeopardy issue because a special plea may not be used to dismiss a case at the pretrial stage. *State v. Maldonado,* No. 13-15-00534-CR, 2016 WL 1165950, at *2 (Tex. App.—Corpus Christi Mar. 24, 2016, no pet.) (mem. op., not designated for publication) (citing *Bailey v. State,* 87 S.W.3d 122, 123 n.2 (Tex. Crim. App. 2002)).

## II. DISCUSSION

The State argues in one consolidated issue that the trial court was wrong to conclude that prosecuting Maldonado on the second indictment would violate double jeopardy because each alleged violation of section 25.072 was a distinct unit of prosecution.

### A. Standard of Review

We review a trial court's ruling on a petition for habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting this review, we give almost total deference to the trial court's findings of fact which are supported by the record but review *de novo* the court's determination of the law and its application of the law to the facts. *Ex parte Cantu*, 120 S.W.3d 519, 520 (Tex. App.—Corpus Christi 2003, no pet.).

### B. Applicable Law

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This constitutional guarantee protects a defendant against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) the imposition of multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). This case concerns the protection against a second prosecution after an acquittal.

As a general rule, the State "is entitled to one, and only one, opportunity to require an accused to stand trial." *Ex parte Goodman*, 152 S.W.3d 67, 71 (Tex. Crim. App. 2004) (quoting *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). This "constitutional policy of finality for the defendant's benefit" protects the accused both from attempts to relitigate the facts underlying a prior acquittal and attempts to secure additional punishment after a prior conviction and sentence. *Brown*, 432 U.S. at 165–66, 97 S.Ct. 2221. As relevant here, this policy means that when a trial court dismisses an indictment at the State's request after jeopardy has attached, the State may not prosecute the defendant again for the same offense. *Ex parte Goodman*, 152 S.W.3d at 71. Jeopardy attaches in a jury trial when the jury is empaneled and sworn. *Id.* at n. 6.

To prevail on a successive-prosecution claim the defendant must show that the offenses at issue are the same in law and fact. *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015). When the same statutory provision is at issue, the *Blockburger*[3] same-elements test for determining whether two offenses are legally the same necessarily ends in the defendant's favor. *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015); *Ellison v. State*, 425 S.W.3d 637, 644 n.5 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We determine whether offenses are factually the same by ascertaining the allowable unit of prosecution for the offense and reviewing the trial record to determine how many units have been shown. *Ex parte Castillo*, 469 S.W.3d at 169. The allowable unit of prosecution "is a distinguishable discrete act that is a separate violation of the statute." *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999). Ascertaining the allowable unit of prosecution is purely a matter of statutory construction. *Ex parte Benson*, 459 S.W.3d at 73–74. "After reviewing the record, if a

---

**3.** *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

court concludes that the offenses are based on the same unit of prosecution, then the offenses are factually the same for successive prosecution purposes." *Ex parte Castillo,* 469 S.W.3d at 169.

### C. Sections 25.07 and 25.072

Section 25.07 of the Texas Penal Code provides that a person commits an offense by intentionally or knowingly engaging in certain specified conduct

> in violation of a condition of bond set in a family violence, sexual assault or abuse, stalking, or trafficking case and related to the safety of a victim or the safety of the community, an order issued under Chapter 7A, Code of Criminal Procedure, an order issued under Article 17.292, Code of Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issued by another jurisdiction as provided by Chapter 88, Family Code.

Tex. Penal Code Ann. § 25.07(a) (West, Westlaw through 2015 R.S.).

Section 25.072, the offense involved in this case, provides that "[a] person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 25.07." *Id.* § 25.072(a). Thus, the essential elements of a section 25.072 offense are that the defendant: (1) two or more times; (2) in a period of twelve months or less; (3) engaged in conduct which constituted a violation of section 25.07. *See id.*

### D. Analysis

Both parties agree that Maldonado may not be tried a second time for the violation of section 25.072 charged in the first indictment because the trial court granted the State's motion to dismiss after jeopar-

dy attached. *See Ex parte Goodman,* 152 S.W.3d at 71 & n.6. The parties also do not dispute that the two offenses are the same in law because only one statutory provision is involved. *See Ex parte Castillo,* 469 S.W.3d at 169. Their disagreement is over whether the two offenses are factually the same—what the allowable unit of prosecution is and how many offenses have been shown.

#### 1. What is the Allowable Unit of Prosecution for Section 25.072?

■ The State argues that the allowable unit of prosecution for section 25.072 is two or more violations of section 25.07 within a certain period of twelve months or less. Maldonado responds that the unit of prosecution consists of all alleged violations of section 25.07 in a period of up to twelve months which could have been included in the State's indictment.

■ Ascertaining the allowable unit of prosecution for an offense is purely a matter of statutory construction. *Ex parte Benson,* 459 S.W.3d at 73–74. Statutory construction is a question of law that we review *de novo. Harris v. State,* 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). When construing a statute we first look to its literal text. *Id.* In examining the text we read words and phrases in context and construe them according to the rules of grammar and common usage. *Id.* We must presume that the Legislature used each word in the statute for a purpose, and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Id.* Only if the statutory language is ambiguous or the plain meaning would lead to absurd results may we consult other sources. *Cortez v. State,* 469 S.W.3d 593, 598 (Tex. Crim. App. 2015).

We begin with the plain text of the statute. Section 25.072(d) provides that

"[a] defendant may not be charged with more than one count under Subsection (a) if all of the specific conduct that is alleged to have been engaged in is alleged to have been committed in violation of a single court order or single setting of bond." Tex. Penal Code Ann. § 25.072(d). The plain language of subsection (d) appears to prevent the State from prosecuting a defendant for more than one violation of section 25.072 if all of the defendant's alleged violations of section 25.07 during the applicable time period violated a single court order or setting of bond. *See id.* Furthermore, subsection (d) does not limit its application to the same criminal action. *See id.* Section 25.072 does not contain an express statement that "the allowable unit of prosecution shall be such-and-such," *see Harris,* 359 S.W.3d at 630, but subsection (d) is a strong indication that the Legislature intended the allowable unit of prosecution to be a series of two or more violations of section 25.07 within a period of twelve months or less which violate the same court order or setting of bond.

In *Soliz v. State* the Texas Court of Criminal Appeals interpreted the meaning of a similar penal statute, section 21.02 of the Texas Penal Code, in a different context. 353 S.W.3d 850, 851–53 (Tex. Crim. App. 2011). Under section 21.02 a person commits an offense if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims." Tex. Penal Code Ann. § 21.02(b)(1) (West, Westlaw through 2015 R.S.). Using language similar to section 25.072, section 21.02(f) provides that "[a] defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim." *Id.* § 21.02(f) (West, Westlaw through 2015 R.S.). The Court explained that section 21.02(f) means that "if the defendant committed ten aggravated sexual assaults against the victim, the State could not decide to pursue two § 21.02 counts encompassing five incidents apiece." *Soliz,* 353 S.W.3d at 852.

*Soliz* did not involve a double jeopardy issue, *see id.* at 851, but the Fourteenth Court of Appeals applied its explanation of the meaning of section 21.02(f) to determine the unit of prosecution for section 25.11 of the penal code, another offense similar to section 25.072. *See Ellison,* 425 S.W.3d at 645–48 (citing Tex. Penal Code Ann. § 25.11 (West, Westlaw through 2015 R.S.)). Section 25.11 provides that a person commits an offense if, in a period of twelve months or less, the person commits two or more assaults causing bodily injury against a person who is in a dating relationship with the actor or is a member of the same family or household. Tex. Penal Code Ann. § 25.11(a). In language similar to section 25.072(d), section 25.11(d) provides that "[a] defendant may not be charged with more than one count under Subsection (a) if all of the specific conduct that is alleged to have been engaged in is alleged to have been committed against a single victim or members of the same household." *Id.* § 25.11(d). Applying the explanation in *Soliz,* the court held that the meaning of section 25.11(d) was that "even if [a defendant] committed ten acts of bodily-injury assault against [a complainant] within the same 12–months–or–less period at issue, the State could not decide to charge him with two section 25.11 counts encompassing a series of five incidents" each. *Ellison,* 425 S.W.3d at 646. Based on this language, the court went onto hold that the allowable unit of prosecution was a series of at least two assaults causing bodily injury committed within a period of twelve months or less against a single victim in a dating or family relationship with the defendant or against members of the same household. *Id.* at 648.

We agree with the reasoning in *Ellison* and will employ it here. Applying the explanation of section 21.02(f) in *Soliz* to section 27.052(d), if a defendant engaged in conduct which violated the conditions of the same bond or court order ten times in the same period of twelve months or less, the State may charge the defendant with only one violation of section 25.072(d). *See Soliz*, 353 S.W.3d at 852. Based on the plain text of section 25.072, we conclude as a matter of first impression that the allowable unit of prosecution is two or more violations of section 25.07 in a period of twelve months or less which violate the same court order or setting of bond.[4] *See* Tex. Penal Code Ann. § 25.072(d); *see also Ellison*, 425 S.W.3d at 648.

### 2. How Many Units Have Been Shown?

The State further argues that the violations of section 25.072 charged in each indictment constitute distinct allowable units of prosecution because the alleged violations of section 25.07 underlying both offenses occurred on different dates in time periods which do not overlap.[5] We disagree.

The State is correct that the first indictment alleged that two violations of section 25.07 occurred on June 7 and that the

second indictment alleged that three violations occurred on July 7. The trial record, however, shows that the State sought to prosecute Maldonado in both proceedings for two violations of section 25.07 which occurred on July 7. The prosecutor representing the State in the first proceeding forthrightly told the trial court that the date of June 7 in the first indictment was an error:

> Your Honor, in reading the indictment out loud today, I recognized that the two dates alleged in the manner and means portion of the indictment do not match with the date of the 7th day of July. Instead they say June 7th, off by one month. Your Honor, that—that was an error, I assume, in the transcription at some point. Your Honor, at this time we move to amend the indictment to—for the manner and means language to go to the date of July 7th, 2015, for—in the last two lines of the indictment.

In other words, the State sought in the first proceeding to try Maldonado for engaging in conduct which violated section 25.07 two times on July 7 rather than June 7. Supporting that conclusion are the similarities between the two violations alleged in the first indictment and the first two violations alleged in the second indictment: each alleged that Maldonado contacted the same person by phone and then in person.

---

**4.** Maldonado argues that we should interpret section 25.072 so that the allowable unit of prosecution is any violation of the same bond or court order which occurred up to twelve months before the indictment. According to Maldonado, a contrary interpretation would render the restriction in section 25.072(d) meaningless by allowing the State to charge a defendant with multiple violations of section 25.072 alleging underlying violations of the same bond or court order by alleging a narrow time frame for each offense. Without addressing whether the State could charge a defendant with violations of section 25.072 in that manner, we do not agree that our interpretation makes the restriction in subsection

(d) meaningless. The plain text of subsection (d) applies to whatever period of time is at issue in an alleged violation of subsection (a). *See* Tex. Penal Code Ann. § 25.072(a), (d) (West, Westlaw through 2015 R.S.). Nothing in the plain text of subsection (d) prescribes what the applicable time frame for a section 25.072(a) offense must be, and we decline to read such a requirement into the statute. *See Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (observing that we must interpret statutes based on the plain text).

**5.** Maldonado did not address this portion of the double-jeopardy analysis in his brief.

The third violation, although not alleged in the first indictment, further supports this conclusion because it also allegedly occurred on July 7 and involved Maldonado violating the conditions of his bond by going near the same complainant's residence.

 Based on the prosecutor's representation to the trial court and the similarities of the violations alleged in both indictments, we conclude that the violation of section 25.072 alleged in the second indictment does not constitute a distinct allowable unit of prosecution from the violation alleged in the first indictment.

### 3. Summary

As a matter of first impression, we hold that the allowable unit of prosecution for section 25.072 is a series of two or more violations of section 25.07 in a period of twelve months or less which violate the same setting of a bond or court order. *See* Tex. Penal Code Ann. § 25.072(a), (d). After examining the trial record, we conclude that the violation of section 25.072 alleged in the second indictment in this case is not a distinct unit of prosecution from the violation alleged in the first indictment. The two offenses are therefore factually the same for purposes of double jeopardy. *See Ex parte Castillo*, 469 S.W.3d at 169. Because the two violations of section 25.072 are the same in law and fact, the trial court correctly concluded that double jeopardy barred the State from prosecuting Maldonado on the second indictment. *See id.*

### III. CONCLUSION

We affirm the trial court's judgment. Further, we lift the stay imposed by this Court's order of July 18, 2016.