ACCEPTED
08-19-00038-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
3/17/2021 3:29 PM
ELIZABETH G. FLORES
CLERK

08-19-00038-CR

**NO. 08-19-00038-CR**

**IN THE
COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

3/17/2021 4:29:22 PM

ELIZABETH G. FLORES
Clerk

**RUDY ABARCA**                                             **APPELLANT**

**v.**

**THE STATE OF TEXAS**                                     **APPELLEE**

---

**STATE'S RESPONSE
TO APPELLANT'S MOTION FOR REHEARING**

---

**TO THE COURT OF APPEALS, EIGHTH DISTRICT OF TEXAS:**

COMES NOW, the State of Texas, pursuant to TEX. R. APP. P. 49.2 and this Court's request, and files this response to Appellant's motion for rehearing.

**I. Procedural history and Abarca's motion for rehearing.**

Appellant, Rudy Abarca (hereinafter Abarca), was convicted of aggravated robbery in a jury trial. *See Abarca v. State*, No. 08-19-00038-CR, 2021 WL 268154, at *1 (Tex. App.—El Paso Jan. 27, 2021, no pet. h.) (not designated for publication). The trial court assessed punishment at 25 years' imprisonment. *Id.* at *3. On appeal, Abarca raised 10 points of error; this Court overruled all of Abarca's points of error and affirmed his conviction. *Id.* at *18.

On February 26, 2021, Abarca timely filed a motion for rehearing, asserting

1

that the facts and legal authority relied upon by this Court in rejecting his challenge to the trial court's admission of a jail call between Abarca and "Jesse," Abarca's friend, were erroneous. (APP. REH'G MOT. at 2–18). For the following reasons, Abarca's claims are without merit, and his motion for rehearing should be denied.[1]

**II. Abarca's arguments, which fail to account for and properly apply principles regarding the admission of statements that comprise plea discussions with the prosecuting authority, do not merit reconsideration of his previously asserted appellate claims.**

### A. This Court correctly concluded that Abarca's statements to Jesse did not constitute matters involving plea negotiations that implicated TEX. R. EVID. 410.

Abarca first argues that this Court incorrectly concluded that Abarca's statements to Jesse that "they're trying to give me 15 years," and that he was willing to plead guilty to "a two-piece," did not constitute plea-negotiation discussions with the prosecuting authority that should have been excluded under TEX. R. EVID. 410. *See* (APP. REH'G MOT. at 2–11). In particular, Abarca claims that the prosecutor's reference to a previous 15-year offer during the punishment phase of trial constituted evidence that Abarca's jail-call statements to Jesse were statements that implicated TEX. R. EVID. 410's prohibition against evidence regarding plea-negotiation

---

[1] While the State will herein reiterate some of its appellate arguments, such should not be construed as an abandonment of all other arguments not mentioned in this response, as the State continues to rely on the arguments made in its Brief on original submission.

discussions between the defense and the prosecuting attorney. (APP. REH'G MOT. at 2–3).

As a preliminary matter, Abarca raises this particular contention regarding the prosecutor's punishment-phase statement for the first time in his motion for rehearing, and nowhere in his Brief on original submission did he argue that the prosecutor's statement constituted record support for his rule-410 claim. Because parties are generally not permitted to raise novel issues or arguments in a motion for rehearing, this Court should disregard any new argument that the prosecutor's statement constituted evidence that Abarca's jail-call comments referred to statements that were made during plea negotiations. *See State v. Gobert*, 275 S.W.3d 888, 891 (Tex. Crim. App. 2009) (stating that appellate courts are not required to entertain a new argument raised by an appellant for the first time in a motion for rehearing); *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990) (stating that an intermediate appellate court has discretion whether to entertain a new ground raised for the first time in a motion for rehearing).

Moreover, even if this Court considers Abarca's novel argument on rehearing, this Court correctly concluded that nothing in the record established that Abarca's jail-call statement, "they're trying to give me 15 years," was a reference to any discussion regarding the State's purported plea offer. In particular, nothing directly

3

ties the statement by the prosecutor during the punishment phase of the trial to Abarca's jail-call statement, other than the fact that the prosecutor's statement also happened to refer to a 15-year offer that had been conveyed at some point to the defense. The trial court could have reasonably concluded that, at the time it made its ruling regarding the admission of the jail call, Abarca's statement was not a reference to any statements made during plea negotiations between his attorney and the prosecutor, but that it rather referred to hypothetical offers from the State or the potential punishment Abarca thought he was facing. Likewise, it is undisputed that the statements at issue were made between Abarca and Jesse; as the State argued in its Brief on original submission, these statements were not made between the defense and the prosecuting authority, and thus rule 410(b)(4) is inapplicable under its plain language. *See* TEX. R. EVID. 410(b)(4) (stating that "a statement made during plea discussions with an attorney for the prosecuting authority" is inadmissible).

Because this Court correctly found that the plain language of rule 410(b)(4) did not apply to Abarca's jail-call statement, Abarca has still failed to show that the trial court's ruling constituted an abuse of discretion, and this Court correctly concluded that Abarca's rule-410 argument lacked sufficient record support to warrant reversal. *See* TEX. R. EVID. 410(b)(4); *Monreal v. State*, 947 S.W.2d 559, 565 (Tex. Crim. App. 1997); *Carter v. State*, No. 08-07-00192-CR, 2009 WL

4

2343725, at *8 (Tex. App.—El Paso July 31, 2009, pet. ref'd) (not designated for publication).

For these reasons, Abarca's motion for rehearing should be denied.

**B. This Court properly relied on prior cases in interpreting TEX. R. EVID. 410(b)(4).**

<u>1. This Court already considered and rejected Abarca's argument that the cited language from *Monreal v. State* was dicta.</u>

Abarca next argues that rehearing is warranted because this Court improperly relied on several prior cases in its interpretation and application of rule 410(b)(4). (APP. REH'G MOT. at 4–6). First, Abarca argues that this Court improperly relied on *Monreal*, 947 S.W.2d at 565, because that case involved a claim of ineffective assistance of counsel, and the Court of Criminal Appeals's (CCA's) discussion of rule 410 was therefore only dicta. (APP. REH'G MOT. at 4–5). This Court already considered and rejected that particular argument in this Court's opinion on original submission because, regardless of whether *Monreal*'s language constituted dicta, the CCA's analysis comported with the plain language of rule 410(b)(4) and other courts' interpretations of that rule. *Abarca*, 2021 WL 268154, at *5, *citing Carter*, 2009 WL 2343725, at *8, *and Aekins v. State*, No. 04-13-00064-CR, 2013 WL 5948188, at *7 (Tex. App.—San Antonio Nov. 6, 2013), *aff'd*, 447 S.W.3d 270 (Tex. Crim. App. 2014) (mem. op., not designated for publication). As such, Abarca

5

provides no additional reasons on rehearing for this Court to reconsider its analysis

regarding *Monreal*, and his request for rehearing on this basis fails.

### 2. This Court may, in its discretion, rely on unpublished opinions from intermediate courts of appeals.

Abarca further argues that in its interpretation of rule 410(b)(4), this Court

improperly relied on *Carter*, 2009 WL 2343725, at *8, and *Aekins*, 2013 WL

5948188, at *7, because those cases are unpublished opinions and therefore lack

precedential value. (APP. REH'G MOT. at 5–6). It is true that unpublished appellate

opinions from intermediate appellate courts lack precedential value and are not

binding authority on a reviewing court. *See* TEX. R. APP. P. 47.7(a). Nevertheless,

unlike unpublished opinions from the CCA, unpublished opinions from intermediate

appellate courts may be cited as persuasive authority that a court has discretion to

follow or reject. *See id.*; *Skinner v. State*, 293 S.W.3d 196, 202 (Tex. Crim. App.

2009) (recognizing the distinction between TEX. R. APP. P. 77.3, which expressly

precludes citation to unpublished CCA opinions, and TEX. R. APP. P. 47.7, which

permits citation to unpublished opinions from intermediate appellate courts); *see

also Edrington v. State*, No. 10-16-00042-CR, 2018 WL 3944596, at *2 n. 4 (Tex.

App.—Waco Aug. 15, 2018, pet. ref'd) (mem. op., not designated for publication),

*citing Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

This rule applies to a reviewing court's own prior unpublished opinions, as well as

unpublished opinions from other intermediate courts of appeals. *See Brewer v. State*, No. 08-14-00207-CR, 2018 WL 388034, at \*4 n. 2 (Tex. App.—El Paso Jan. 12, 2018, pet. ref'd) (not designated for publication) (where this Court recognized that an unpublished opinion from the Austin Court of Appeals constituted non-precedential (but rather persuasive) authority because the Austin court's case implicated similar factual circumstances to this Court's case).

Although *Carter* and *Aekins* are unpublished opinions that do not constitute binding authority on this Court, this Court nonetheless has discretion to adopt the reasoning used by other intermediate appellate courts in their unpublished opinions and to find such authority persuasive. Any implication by Abarca that this Court cannot (or should not) rely at all on unpublished opinions from intermediate appellate courts, including this Court's prior unpublished opinions, is simply wrong. And, for the reasons enumerated in the State's Brief on original submission, which the State here relies on and adopts, those cases were factually and legally applicable to this appeal. As such, this Court did not err by finding *Carter* and *Aekins* to be persuasive authority regarding its analysis of rule 410(b)(4), even if those cases did not constitute binding, precedential authority. *See Edrington*, 2018 WL 3944596, at \*2 n. 4; *Brewer*, 2018 WL 388034, at \*4 n. 2.

For these additional reasons, Abarca's motion for rehearing should be

overruled.

**III. This Court correctly concluded that Abarca did not preserve his TEX. R. EVID. 403 objection to the admission of his statement concerning his possible 15-year sentence. And, even if this argument was preserved, the trial court's admission of this statement did not violate rule 403.**

### A. Abarca did not preserve his rule-403 complaint.

Abarca further urges rehearing on the basis that this Court erroneously concluded that he did not preserve his TEX. R. EVID. 403 objection to the admission of his jail-call statement regarding his possible 15-year sentence. (APP. REH'G MOT. at 11). But, the record clearly demonstrates that Abarca only objected to this particular statement on the basis of relevance, and not on any grounds enumerated in rule 403 (e.g., that the probative value of the evidence was substantially outweighed by the risk of unfair prejudice). As this Court correctly noted, defense counsel lodged an objection that "what they have offered him and what he might do on that is not relevant to this particular case in any way." During his objection, which lasted the better part of 2 pages in the reporter's record of the trial, defense counsel later stated that he was objecting to Abarca's statement regarding his alleged unlawful use of a vehicle on the basis of relevance, and that the statement was "substantially prejudicial, and that substantially outweighs any probative value that that may have." (RR5 171–72).

While it was clear to the trial court and the State that defense counsel objected

8

to the admission of this latter statement on the basis of rule 403, he did not make his rule 403 objection to the statement regarding his potential 15-year sentence with enough clarity or particularity to inform the court or the State that he was objecting to that statement on the basis of relevance *and* rule 403. The trial court was not afforded an opportunity to correct any purported rule 403 error, and the State was likewise denied an opportunity to respond to any purported rule-403 complaint. Thus, this Court did not err in concluding that defense counsel's objection was not sufficiently specific to preserve his rule 403 complaint regarding the 15-year-sentence statement. *See* TEX. R. APP. P. 33.1(a) (providing that a complaint is not preserved for appeal unless it was made to the trial court by a timely request, objection or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); *Janecka v. State*, 823 S.W.2d 232, 243–44 (Tex. Crim. App. 1990) (recognizing that the purpose of requiring a timely, specific objection is to allow the trial court to have the opportunity to make a determination and ruling on the complained-of error, and to then proceed with the trial as appropriately corrected by the court).

For these additional reasons, Abarca's motion for rehearing should be denied.

**B. The trial court's admission of the statement did not violate rule 403.**

Moreover, even if Abarca's rule-403 complaint was preserved for review, the trial court did not abuse its discretion by admitting the statement. As the State asserted in its Brief on original submission, which associated arguments therein the State here relies on and adopts, the probative value of Abarca's statement was not substantially outweighed by the risk of unfair prejudice because the statement constituted consciousness-of-guilt evidence. (STATE'S BR. at 23–26). Abarca's willingness to accept a plea offer evinced his consciousness of guilt, and thus the evidence was directly probative of the most important issue at trial: his commission of the charged offense.

And, as this Court correctly noted, the trial court could have reasonably concluded that Abarca's statement regarding his possible 15-year sentence was not actually a reference to any statement that occurred during plea negotiations, but was rather Abarca's evaluation of the possible punishment the State was seeking. *See Abarca*, 2021 WL 268154, at \*5, 7. Thus, as this Court held, Abarca's complaints that the statements were irrelevant and unfairly prejudicial because they related to plea negotiations lack record support, and he has not shown that he is entitled to reconsideration of this Court's opinion on this basis either. *See id.* at \*7.

For these additional reasons, Abarca's motion for rehearing should be denied.

**IV. This Court correctly concluded that Abarca's statement that he would be willing to accept a plea deal for 2 years' imprisonment: (1) was relevant to show his consciousness of guilt; (2) had probative value that was not substantially outweighed by the risk of unfair prejudice.**

**A. The statement was relevant to show Abarca's consciousness of guilt.**

Abarca next argues that this Court erred by holding that his statement that he would be willing to accept a plea deal for 2 years' imprisonment was relevant. (APP. REH'G MOT. at 14–16). But, as this Court noted, this statement evinced Abarca's consciousness of guilt because of his willingness to plead guilty to the charged offense. *See Abarca*, 2021 WL 268154, at *7. Moreover, as this Court also recognized, this statement crossed the relatively low threshold required for relevance because it provided a "small nudge" toward establishing Abarca's recognition that he had committed the charged offense. *See id.*, *citing* TEX. R. EVID. 401, 402, *and Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004); *see also Ex parte Smith*, 309 S.W.3d 53, 56 (Tex. Crim. App. 2010) (recognizing the "low threshold for relevance"), *quoting Tennard v. Dretke*, 542 U.S. 274, 285 (2004).

In addition, this Court properly relied on *Simpson v. State*, 181 S.W.3d 743, 749 (Tex. App.—Tyler 2005, pet. ref'd), *and Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.), in concluding that Abarca's statement was relevant. In *Simpson*, 181 S.W.3d at 749, the Tyler Court of Appeals held that the defendant's letter to his girlfriend in which he addressed his "not guilty" plea was

11

relevant and probative of whether he committed the charged offense, which was a fact of consequence in the case. Likewise, in *Torres*, 794 S.W.2d at 598–99, the Austin Court of Appeals recognized that consciousness-of-guilt evidence is "perhaps one of the strongest kinds of evidence of guilt," and that evidence associated with the defendant's consciousness of guilt was admissible to prove that he committed the charged offenses.

In this case, Abarca stated that he was willing to accept a plea offer of 2 years' imprisonment for his commission of the aggravated robbery. It is possible that he was interested in pleading guilty because he accepted that he was going to be imprisoned, even though he did not commit the charged offense, and he wanted to spend the least amount of time in prison by accepting the plea offer. What was more likely, however, was that Abarca knew that he would be found guilty if he went to trial because he knew that he had committed the charged offense, and he was attempting to minimize his punishment by pleading guilty. In either case, the determination of the weight of the evidence was one for the jury to make, and that determination did not affect the admissibility of the evidence.

Furthermore, as this Court noted, no statement by Abarca explicitly established the existence of plea negotiations or reflected any statement associated with plea negotiations, and this Court correctly noted that *Blue v. State*, 41 S.W.3d

12

129, 130 (Tex. Crim. App. 2000) (plur. op.), *and Hayes v. State*, 484 S.W.3d 554, 556–57 (Tex. App.—Amarillo 2016, pet. ref'd), were factually distinguishable on this basis and thus inapplicable here. *See Abarca*, 2021 WL 268154, at *8. Rather, this Court correctly found that this case was more similar to *Willis v. State*, No. 04-09-00349-CR, 2010 WL 2935772, at *1, 5 (Tex. App.—San Antonio July 28, 2010, no pet.) (mem. op., not designated for publication). Similar to Abarca's statement to Jesse that he would be willing to accept a plea offer, the San Antonio Court of Appeals found that the defendant's letter to a detective that evinced his willingness to accept a plea offer "had a significant tendency to make a fact of consequence—his guilt—more probable," and was thus sufficiently relevant to warrant its admission. *See Willis*, 2010 WL 2935772, at *5, *citing State v. Mechler*, 153 S.W.3d 435, 441–42 (Tex. Crim. App. 2005); *see also* TEX. R. EVID. 401. And, as explained above, this Court was free in its discretion to rely on the legal reasoning in *Willis* because the facts and legal issues in this case were similar to those presented in *Willis*.

In sum, because Abarca's jail-call statement, at the least, provided a "small nudge" toward establishing that Abarca committed the charged offense, this Court did not err by concluding that the evidence was sufficiently relevant to be admissible. *See* TEX. R. EVID. 401, 402; *Ex parte Smith*, 309 S.W.3d at 56; *Simpson*, 181 S.W.3d

13

at 749; *Torres*, 794 S.W.2d at 598; *Willis*, 2010 WL 2935772, at \*5.

For these additional reasons, Abarca's motion for rehearing should be denied.

**B. The statement had probative value that was not substantially outweighed by the risk of unfair prejudice.**

Finally, Abarca argues that this Court erred by concluding that his statement that he would be willing to accept a plea deal for 2 years' imprisonment was not unfairly prejudicial and thus did not violate rule 403. (APP. REH'G MOT. at 16–18). But, as courts have long recognized, evidence that is merely prejudicial does not violate rule 403 because, by nature, almost all evidence offered against a party is prejudicial to that party. *See Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990) (op. on reh'g). Rather, evidence is only inadmissible if the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. *See id.*; *see also* TEX. R. EVID. 403. This Court, again properly relying on *Willis*, correctly concluded that the admission of Abarca's statement did not violate rule 403 because the statement: (1) was directly probative of Abarca's guilt and important to the State's case; (2) did not divert the jury's attention from the charged offense; and (3) did not take an inordinate amount of time to present. *Abarca*, 2021 WL 268154, at \*8, *citing Willis*, 2010 WL 2935772, at \*5. Abarca has still not established that this Court erred in concluding that the trial court did not abuse its discretion in admitting the statement over his rule 403 objection, and he has not shown that he is

14

entitled to rehearing on this basis.

Abarca further argues that the admission of his statement "vitiate[d] the presumption of innocence and inject[ed] improper evidence regarding punishment into the guilt-innocence phase of trial." (APP. REH'G MOT. at 16). Again, this argument must fail because Abarca's statement was directly probative of whether he committed the charged offense—the very issue to be determined during the guilt-innocence phase of trial. Under Abarca's reasoning, any statement by a defendant that evinces his consciousness of guilt (and includes a reference to punishment) would violate the presumption of innocence and would be improper guilt-innocence evidence, even though courts have long recognized that consciousness-of-guilt evidence is one of the most powerful forms of evidence in determining a defendant's guilt. *See*, *e.g.*, *Torres*, 794 S.W.2d at 598–99; *Liller v. State*, No. 08-16-00309-CR, 2018 WL 3583877, at *5 (Tex. App.—El Paso July 26, 2018, pet. ref'd) (not designated for publication) (recognizing consciousness-of-guilt evidence as tending to establish the defendant's guilt). The trial court properly admitted Abarca's statement as consciousness-of-guilt evidence, and he has not shown that its admission was so unfairly prejudicial as to abrogate his right to be presumed innocent, or that the evidence was only admissible during the punishment phase of trial.

15

For these additional reasons, Abarca's motion for rehearing should be denied.

**V. Conclusion.**

Based on all the foregoing, as well as the arguments fully set out in the State's Brief on original submission, Abarca has failed to show that his appeal merits reconsideration by this Court. Simply, Abarca's bases for urging reconsideration of his appeal—one of which he improperly raises for the first time on rehearing—are largely a reiteration of the arguments already considered and rejected by this Court, such that Abarca's motion for rehearing is without merit and should be denied in its entirety.

## PRAYER

WHEREFORE, the State prays that this Court deny Abarca's motion for rehearing.

Respectfully submitted,

YVONNE ROSALES
DISTRICT ATTORNEY
34th JUDICIAL DISTRICT

/s/ Justin M. Stevens
JUSTIN M. STEVENS
ASST. DISTRICT ATTORNEY
DISTRICT ATTORNEY'S OFFICE
EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901
(915) 546-2059 ext. 3310
FAX (915) 533-5520
E-MAIL: jstevens@epcounty.com
SBN 24100511

17

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify that the foregoing document contains 3,547 words.

/s/ Justin M. Stevens
JUSTIN M. STEVENS

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above response was sent via the e-file system on March 17, 2021, to Alexandria Serra, attorney for Abarca, at alex@serralawpllc.com, 718 Myrtle Avenue, El Paso, Texas, 79901.

/s/ Justin M. Stevens
JUSTIN M. STEVENS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Justin Stevens
Bar No. 24100511
jstevens@epcounty.com
Envelope ID: 51575823
Status as of 3/17/2021 4:09 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| District Attorney's Office | | DAappeals@epcounty.com | 3/17/2021 3:29:22 PM | SENT |

Associated Case Party: Rudy Abarca

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexandria Serra | | alex@serralawpllc.com | 3/17/2021 3:29:22 PM | SENT |