**Terry Len HAYES, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 07–15–00069–CR**

Court of Appeals of Texas, Amarillo.

January 26, 2016

Rehearing Overruled February 25, 2016

---

Warren L. Clark, for the State of Texas.

Hillary Netardus, Terry Len Hayes.

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

## OPINION

Brian Quinn, Chief Justice

Terry Len Hayes appeals his conviction for felony assault. Through a single issue, he contends that the trial court abused its discretion in denying his Amended Motion for New Trial. That is, he believed himself entitled to a new trial because the court bailiff informed jurors, during trial, that the parties were discussing a plea bargain. Because a plea bargain necessarily obligates a defendant to plead guilty, the comment allegedly impugned the presumption of innocence to which he was entitled. It also purportedly interjected other evidence into the jury's deliberation. We sustain the issue and reverse the judgment.

*Applicable Law*

The pertinent standard of review is one of abused discretion. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex.Crim.App.2014). Under it, we are to decide if the trial court's decision was arbitrary or unreasonable. *Id.* That threshold is met when no reasonable view of the record could support its ruling or when the decision fails to comport with controlling rules and principles. *Id.*; *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App.1993). In determining that, we are to view the evidence in the light most favorable to the ruling and presume that all factual findings that could have been made against the losing party were made against the losing party. *Col-yer*, 428 S.W.3d at 122. Yet, this court need not defer to the trial court's resolution of questions of law; we review those *de novo*. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

Before mentioning other applicable law, we feel the need to cast the issue before us within the appropriate legal and analytical framework. That is, appellant moved for a new trial because "after retiring to deliberate, the jury received other evidence not properly admitted at trial in violation of rule 21.3(f) of the Rules of Appellate Procedure." Yet, according to the record, the jury was awaiting its return to the courtroom to hear further evidence during the guilt/innocence phase when the bailiff uttered the comment at issue. In other words, it had yet to "retire to deliberate." *See McQuarrie v. State*, 380 S.W.3d 145, 156 (Tex.Crim.App.2012) (stating that the deliberation process begins after the close of evidence, the charge has been read, and the jury retires to weigh the evidence and arrive at a verdict). Nonetheless, one juror attested that the comment was considered during deliberations. So, the situation before us may not fall squarely within the verbiage of Rule 21.3(f) mentioned by appellant.

In turn, the State argued below and convinced the trial court that the opinion in *Colyer v. State*, 428 S.W.3d 117 (Tex. Crim.App.2014) controlled the outcome. Yet, *Colyer* involved whether testimony of a juror was admissible under Texas Rule of Evidence 606(b) to prove jury misconduct. Such is illustrated by the Court of Criminal Appeals' statement that: "[i]n sum, because Mr. Aguilera's testimony about the weather and his child was unrelated to any factual or legal issue at trial, those matters did not qualify as an improper outside influence; therefore, *the trial judge correctly refused to consider*

*Mr. Aguilera's testimony or affidavit because both were inadmissible under Rule 606(b)." Id.* at .130 :(emphasis added). Here, we have the bailiff testifying to what transpired, and bailiffs are not encompassed within Rule 606(b).[1] *See* ;Tex.R. Evid. 606(b)(1) & (2) (stating that "[d]uring an inquiry into the validity of a verdict . . . a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment" but "may testify . . . about whether an outside influence was improperly brought to bear on any juror . . . or to rebut a claim that the juror was not qualified to serve"). So, *Colyer* is inapposite. That is, the true issue posed to the trial court was not whether jurors could testify to an outside influence.

We do observe that irrespective of how anyone below tried to frame the issue, appellant essentially complained about a third party providing jurors evidence indicative of guilt that was not admitted at trial. As such, the controversy likens to the concerns sought to be addressed by Texas Rule of Appellate Procedure 21.3(f). That rule serves to assure that a jury decides the outcome based upon the evidence admitted by the trial court. *See In re M.A.F.*, 966, S.W.2d 448, 449–50 (Tex. 1998) (noting that the predecessor to Rule 21.3(f) 1) was enacted to guarantee the fundamental right to trial by jury by restricting the jury's consideration of evidence to that which is properly introduced during trial and 2) continues to bar evidence not admitted during trial). Given this, we apply Rule 21.3(f). and authority interpreting it to resolve the dispute at bar.

Next, according to our Court of Criminal Appeals, Rule 21.3(f) implicates a two-pronged test. Under the first prong, the record must illustrate that the "other evidence" was received by the jury. *Bustamante v. State*, 106 S.W.3d 738, 743 (Tex.Crim.App.2003); *Molina v. State*, No. 07–00–0029–CR, 2003 WL 141641, at *1–2, 2003 .Tex.App. Lexis 572, at *4–5 (Tex. App.—Amarillo January 21, 2003, no pet.) (mem.op.). Under the second, the "other evidence" must be of a character detrimental. or adverse to the defendant. *Bustamante*, 106 S.W.3d at 743. Regarding the former, receipt is influenced by the extent to which the jury examined the evidence. *Id.* Also influencing the decision is the presence of an instruction to disregard. *Id.* If the evidence is not examined by the jury or if such an instruction was afforded to and heeded by the jury, then the evidence was not received for purposes of Rule 21.3(f). *Id.* Furthermore, an instruction to disregard appearing in the jury charge may suffice. *Id.* (stating that an instruction to disregard at the deliberation stage is akin to the corrective action of an instruction to disregard evidence improperly introduced at trial).

As for the second prong, the focus lies on the character of the "other evidence" in light of the issues before the jury; its actual affect, if any, is irrelevant. *Garza v. State*, 630 S.W.2d 272, 274 (Tex. Crim.App.1981); *Thomison v. State*, No. 11–10–00368–CR, 2012 WL 5989193, at *3–4, 2012 Tex.App. Lexis 9789, at *8–9 (Tex. App.—Eastland November 29, 2012, no pet.) (mem. op., not designated for publication). In other words, "[i]f the character of the evidence is such that it would be detrimental to the accused, the presumption of injury to the defendant will obtain,

---

1. Several jurors also testified about what the bailiff said. However, the State did not ob-
ject to that aspect of their testimony under Rule 606(b) or any other rule of evidence.

and it is unnecessary for the accused to prove that the jurors' votes were influenced by the improper evidence." *In re M.A.F.*, 966 S.W.2d at 450; *accord, Henderson v. State*, No. 05–14–00025–CR, 2014 WL 6780647, at *7, 2014 Tex.App. LEXIS 12893, at *19 (Tex.App.—Dallas December 2, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that "[u]nder Rule 21.3(f), the effect of the evidence on the jury is not a consideration; the controlling factor is the character of the evidence in light of the issues before the jury").

*Application of Law*

█ In resolving the dispute at bar, we turn to the pertinent findings of fact entered by the trial court. The evidence supporting them was rather uncontradicted. Nor does anyone question their accuracy on appeal. They arose from a hearing held upon appellant's amended motion for new trial. Three witnesses proffered live testimony: a juror, the prosecutor, and the court bailiff. The affidavit of another juror was admitted without objection from the State.

From the evidence presented, the trial court found that: 1) the trial began on January 12, 2015; 2) the jury and parties were ordered "to appear for resumption of proceedings on the second day of trial, January 13, 2015 at 9:15 a.m."; 3) "before the trial could commence when scheduled, there was a delay while counsel for both the State and defense explored the possibility of resolving the case through a negotiated plea bargain"; 4) "during this interim on the morning of the second day of trial, the bailiff of this Court made contact with the jury and, in an attempt to explain the reason behind the prolonged delay, mentioned to the panel that the lawyers for the State and defense were discussing the possibility of resolving the case through a plea bargain"; and 5) "there was no further discussion between the bailiff and the jury concerning his comment to them about the parties exploring a resolution through a possible plea bargain." [2]

That an accused's guilt is the primary issue during the guilt/innocence phase of a criminal prosecution is beyond legitimate dispute. Nor can it be denied that evidence of guilt is influential. Sometimes that evidence comes from the accused himself, such as through an admission or confession of guilt. Indeed, such an admission can be so influential that it helps render error committed by the trial court harmless. *See Chavez v. State*, 6 S.W.3d 56, 63 (Tex.App.—San Antonio 1999, pet. ref'd) (focusing on the defendant's confession in concluding that trial court error was harmless due to the overwhelming evidence of guilt).

Next, that a "plea bargain" implicates the issue of a defendant's guilt is similarly irrefutable. Here, the bailiff acknowledged as much when asked whether he "meant [when making the comment] . . . that [the defendant] might be coming in and pleading guilty." He answered: "[a] plea or an agreement, *yes.*" [3] (emphasis added). Nor can one logically deny that striking a plea agreement means that the defendant is ready to admit to committing a crime. So suggesting to a jury that the defendant is contemplating whether to admit guilt is evidence touching upon an important issue being tried. As most every layperson would seem to think and as

---

**2.** The utterance was "inadvertent," according to the trial court.

**3.** The bailiff also admitted that pleading guilty by appellant "would be in direct contradiction to [appellant's] . . . plea in open court in front of that jury of not guilty."

most prosecutors would refuse to deny publicly, no one admits to being guilty unless they are guilty.[4]

To the foregoing, we add the untested observations by one juror. He "thought [the bailiff] was wrong" in revealing "the potential plea bargain." So too did he speak with his personal attorney about the matter once trial ended. But, as previously indicated, that is not all who spoke about the statement. Again, the same juror revealed that the "bailiff's comments were discussed during deliberations," that is, discussed by the jurors.[5]

We further note that the jury charge given by the trial court during the guilt/innocence phase of the proceeding contained an admonishment to consider only evidence admitted at trial.[6] Yet, that instruction obviously went unheeded since the "bailiff's comments were discussed during deliberations." This circumstance likens to that we addressed in *Molina*. There, unadmitted exhibits were left in the jury room. Despite the trial court's apparent instruction to disregard such evidence, they were "discussed at the punishment phase ...," according to the uncontradicted affidavit of one juror. *Molina*, 2003 WL 141641, at *2–3, 2003 Tex.App. LEXIS 572, at *6. The fact of their discussion led us to conclude not only that the charge was ignored but also that the other evidence was "received" for purposes of Rule

21.3(f). *Id.* at *2–3, at *6–8. The charge at bar was no less ignored here.

Simply put, the trial court deemed the bailiff's words to be an "outside influence." Those words suggesting that appellant may plead guilty comprised adverse or detrimental evidence received by the jury but not admitted at trial. So, the two-pronged test of Rule 21.3(f) was satisfied. And, that the trial court deemed the comment not to be of the type that would lead "the 'average hypothetical juror'" to be "improperly influenced to return a 'guilty' verdict ..." is irrelevant. Again, "the effect of the evidence on the jury is not a consideration ..." *Henderson*, 2014 WL 6780647, at *7, 2014 Tex.App. LEXIS 12893, at *19.

Accordingly, we hold that the trial court abused its discretion in denying the amended motion for new trial. It failed to comport with controlling rules and guidelines. Thus, we reverse the order denying the motion, reverse the judgment, and remand the cause.

---

4. We do not decide whether this oft thought of concept is accurate or not.

5. Appellant attempted to delve into the extent to which the utterance was discussed. At that point, the State objected per Texas Rule of Evidence 606(b). The objection was sustained. Thus, appellant was prevented from pursuing a path apparently available to him under the authority of *Bustamante v. State*, 106 S.W.3d 738 (Tex.Crim.App.2003). That is, if the extent to which the evidence was examined by the juror is pertinent, as it is according to *Bustamante*, then implicitly the

defendant must be afforded leeway to ask jurors about the extent to which they discussed the evidence.

6. The charge consisted of the following: "The evidence consists of the testimony and exhibits admitted in the trial. You must consider only evidence to reach your decision. You must not consider, discuss, or mention anything that is not evidence in the trial. You must not consider or mention any personal knowledge or information you may have about any fact or person connected with this case that is not evidence in the trial."