# NOS. 12-23-00192-CR
## 12-23-00193-CR
## 12-23-00194-CR
## 12-23-00195-CR
## 12-23-00196-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY HARDEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Jimmy Harden, appeals his convictions for aggravated assault with a deadly weapon, assault of a family member by impeding breath or circulation, continuous violence against the family, and two counts of injury to a child. In four issues, he challenges three of the convictions as violative of double jeopardy, the jury's receipt of allegedly new evidence after the start of deliberations, the trial court's failure to hold a hearing on his motion for new trial, and the imposition of duplicative court costs in four of the cases. We modify the trial court's judgment to remove the erroneous court costs and affirm the trial court's judgment as modified.

BACKGROUND

Appellant is the father of two children, J.H. and P.H. Appellant was charged in six separate indictments with: (1) aggravated assault with a deadly weapon (against J.H.) (trial court cause number 6260, appellate cause number 12-23-00192-CR); (2) assault of a family member (J.H.) by impeding breath or circulation (trial cause number 6261, appellate cause number 12-23-00193-CR); (3) continuous violence against the family (against J.H. and P.H., also a teenaged child, on dates from February 12, 2021 to July 2, 2021) (trial cause number 6453, appellate cause number 12-23-00194-CR); (4) injury to a child (J.H., alleged to have occurred on June 15, 2020) (trial cause number 6454); (5) injury to a child (P.H., alleged to have occurred on March 1, 2013) (trial cause number 6455, appellate cause number 12-23-00195-CR); and (6) injury to a child (J.H., alleged to have occurred on March 1, 2013) (trial cause number 6456, appellate cause number 12-23-00196-CR). Appellant pleaded "not guilty" to all six offenses, and all six cases proceeded to a single jury trial.

During its opening statement, the State displayed a chart to the jury summarizing the allegations against Appellant set forth in the six indictments, including the cause numbers, dates, and alleged occurrences. Appellant did not then object to the State's use of the chart. When the State displayed the same chart during its closing argument, Appellant objected that the chart was not admitted into evidence. The trial court overruled Appellant's objection.[1] Thereafter, the jury requested to view the chart during its deliberations at the guilt-innocence phase of trial. Appellant's counsel again objected that the chart was not admitted into evidence. The trial court overruled this objection, stating, "[The chart] was used as demonstrative evidence, and all it does is help them see all of the – what the charges are. So I'm going to allow it to go back into the jury room at this time."

The jury found Appellant "guilty" of aggravated assault with a deadly weapon, assault of a family member, continuous violence against the family, and injury to a child in cause numbers 6455 and 6456, and "not guilty" of injury to a child in cause number 6454.[2] The jury assessed punishment at five years' imprisonment for the aggravated assault with a deadly weapon offense, two years' imprisonment for the assault of a family member offense, ten years' imprisonment for

---

[1] Appellant does not contend that the trial court abused its discretion in overruling his objection to the chart during the State's closing argument.

[2] Appellant does not challenge the sufficiency of the evidence to support the jury's verdicts of "guilty."

the continuous violence against the family offense, and two years' imprisonment for each convicted offense of injury to a child.

Appellant timely filed a motion for new trial, which was subsequently overruled by operation of law. This appeal followed.

### DOUBLE JEOPARDY

Appellant argues in his first issue that three of his convictions constitute multiple punishments for the same offense and therefore violate the Constitutional prohibition against double jeopardy.

### Preservation of Error

A defendant may forfeit a potential multiple-punishment double jeopardy claim by failing to properly preserve that claim. *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006). When offenses, one of which could give rise to a multiple-punishment double-jeopardy violation, are listed disjunctively in a jury charge, the burden is upon the defendant to "preserve, in some fashion a double jeopardy objection at or before the time the charge is submitted to the jury." *Id*. at 686. However, a double jeopardy claim may be raised for the first time on appeal when "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serve no legitimate state interests." *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). An appellant must satisfy both prongs of the *Gonzalez* test in order to raise his complaint for the first time on appeal. *Roy v. State*, 76 S.W.3d 87, 93 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Gonzalez*, 8 S.W.3d at 643). A double jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence to support the claim. *Ex parte Knipp*, 236 S.W.3d 214, 216, n. 3 (Tex. Crim. App. 2007).

Appellant raises his double-jeopardy complaint for the first time on appeal but contends that preservation of this complaint for appellate review was not necessary under *Gonzalez*. With regard to the first prong, an appellant is burdened with "presenting the necessary record rather than meeting the burden of demonstrating from the face of the record already before the appellate court that an undisputed double jeopardy violation was involved." *Ellison v. State*, 425 S.W.3d 637, 643 (Tex. App.—Houston 2014, no pet.). We conclude that the first prong has been met here. Appellant was tried for all of the offenses at issue; all three were before the trial court,

3

and the court knew or should have known of a potential jeopardy issue. We can resolve Appellant's claim based on the record before us, and there is no need for further proceedings to add new evidence to the record. *See id.* If a double jeopardy violation exists, it can be determined from the undisputed facts clearly apparent on the face of the record.

We also conclude that the second prong has been met. If Appellant is successful on his double jeopardy claim, the appropriate remedy is to retain the conviction with the most serious punishment and vacate any remaining convictions that are the same for double jeopardy purposes. *Id*. (citing **Ball v. United States**, 470 U.S. 856, 864, 105 S. Ct. 1668, 84 L.Ed.2d 740 (1985), **Landers v. State**, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997)). A successful double jeopardy challenge will not require a retrial or remand to the trial court. *See id*. As a result, there are no legitimate state interests that would be negatively impacted by allowing appellant to raise his double jeopardy claim for the first time on appeal. *See id.* at 94–95. Therefore, we consider the merits of Appellant's double jeopardy claim.

**Multiple Punishments**

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. **Zuliani v. State**, 383 S.W.3d 289, 294–95 (Tex. App.—Austin 2012, pet. ref'd) (citing **Gonzales v. State**, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010)). There are three distinct types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. **Langs**, 183 S.W.3d at 685. A multiple punishments claim can arise in two contexts: (1) the lesser included context, in which the same conduct is punished twice, once for basic conduct and a second time for that same conduct plus more; and (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once. *Id*. Here, Appellant alleges the latter— that his conviction in cause number 6453, continuous violence against the family, in combination with his convictions in cause number 6260, aggravated assault with a deadly weapon, and cause number 6261, assault of a family member by impeding breath or circulation, constitute multiple punishments for the same criminal act.

4

*Relevant Offenses and Convictions*

Appellant was convicted in cause number 6260 of aggravated assault with a deadly weapon under Texas Penal Code Section 22.02(a)(2), which requires that a person (1) commit assault as defined in Section 22.01 and (2) use or exhibit a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2023). The jury charge asked whether, on or about June 1, 2021, Appellant intentionally, knowingly, or recklessly caused bodily injury to J.H., and used or exhibited a deadly weapon (a metal pipe) during the assault.

Appellant was convicted in cause number 6261 of assault by impeding breath or circulation under Texas Penal Code Section 22.01(b)(2)(B) (the occlusion assault). An offense under Section 22.01(a)(1) is a third-degree felony (rather than a misdemeanor) if the offense is committed against a member of the defendant's household or family unit, as described in specific sections of the Texas Family Code, and committed by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth."[3] *Id*.§ 22.01(b)(2)(B) (West 2023). The jury charge asked whether, on or about June 1, 2021, Appellant intentionally, knowingly, or recklessly caused bodily injury to J.H. (a member of Appellant's family) by impeding his normal breathing or circulation of blood by applying pressure to the throat or neck.

Finally, Appellant was convicted in cause number 6453 of continuous violence against the family (CFV), which occurs when "during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons" who are members of the defendant's household or family unit, as described in the specified sections of the Texas Family Code.[4] *Id*.§ 25.11(a) (West 2023). The indictment and jury charge alleged seven specific acts by Appellant against both J.H. and P.H., all occurring between February 12, 2021, and July 2, 2021, but did not include the allegations set forth in cause numbers 6260 and 6261 (nor did it include any events occurring on June 1, 2021). The jury charge asked whether Appellant committed at least two of

---

[3] Appellant does not dispute that the relationships between J.H. and P.H., respectively, and himself satisfy the requirements of Sections 22.01(b)(2) or 25.11(a).

[4] Section 22.01(a) of the Texas Penal Code provides the basic definition for the offense of assault involving infliction of bodily injury. A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another[.]" TEX. PENAL CODE ANN. § 22.01(a)(1).

the alleged acts within a twelve-month time period. The written jury instructions for the CFV charge directed the jurors not to consider "the separate allegations of abuse alleged in Cause Numbers 6260 and 6261[.]"

*Analysis*

"In the multiple punishments double jeopardy arena, legislative intent is the key." *Lopez v. State*, 108 S.W.3d 293, 302 (Tex. Crim. App. 2003). The question is whether the defendant was convicted of more offenses than the legislature intended. *Id*. In conducting this inquiry, we should examine the structure and language of the statute in question. *Id*. When construing a statute, we begin with its language, drawing the legislature's intent from the words chosen when possible. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We begin with the plain language of the statute in order to discern its meaning because we "presume that the legislature meant what it said." *State v. Vasilas*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006). "We further try to give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible." *Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009). We interpret words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011 (West 2023).

Appellant does not contend that the instances of conduct which form the basis for his aggravated assault and occlusion assault convictions are *actually* included as predicate acts in the CFV portion of the jury charge. Rather, Appellant appears to argue that because the two separately-charged offenses are both bodily injury assaults that occurred against the same victim(s) and during the same time period as the acts that formed the basis of the CFV offense, they are necessarily part of the CFV offense, for which the legislature only intended a single punishment. Therefore, convicting him of both CFV and the two discrete offenses amounts to multiple punishments for the same conduct.

In support of this contention, Appellant cites to jurisprudence in which our sister courts found double jeopardy violations in instances where a defendant was convicted of both CFV and, separately, another bodily injury assault offense. *See Ellison*, 425 S.W.3d at 647–48; *Aguilar v. State*, No. 02-22-00271-CR, 2023 WL 6631526, at *4–5 (Tex. App.—Fort Worth Oct. 12, 2023, pet. ref'd) (mem. op., not designated for publication); *Birdo v. State*, No. 02-22-00142-CR, 2023 WL 4630627, at *5 (Tex. App.—Fort Worth July 20, 2023, no pet.) (mem. op., not designated for publication); *Rachal v. State*, No. 02-18-00500-CR, 2019 WL 5996985, at *3 (Tex. App.—

Fort Worth Nov. 14, 2019, pet. ref'd) (mem. op., not designated for publication). With the exception of **Birdo**, these cases are factually distinguishable because the convictions at issue involve "overlap of two of the *same underlying instances* of bodily-injury assault against the same victim during the same time period." **Rachal**, 2019 WL 5996985 at *6 (emphasis added); *see also* **Ellison**, 425 S.W.3d at 647 ("[A] double jeopardy violation results if the State attempts to punish appellant for any underlying bodily-injury assault both under a separate assault count and as part of a continuous family violence count.").

**Birdo** is factually pertinent because (1) the appellant therein was convicted of both CFV and occlusion assault, (2) the occlusion assault was *not* included as a basis for the CFV charge, (3) the occlusion assault occurred against the same victim as the acts forming the basis for the CFV charge, and (4) the occlusion assault occurred within the same twelve-month period as the acts forming the basis for the CFV charge. 2023 WL 4630627 at *2-5. The court held that Birdo's right against multiple punishments was violated, stating that because of the aforementioned factors, the occlusion assault "could have been charged as part of the continuous count," and was therefore "not available as a separate count upon which Birdo could be additionally convicted."[5] We must disagree with our sister court's holding that double jeopardy necessarily occurs when a defendant is convicted of a separate offense that "could have been" included as part of a CFV charge. The court appears to have drawn its "could have been" reasoning from the court's discussion in **Ellison** of Section 21.02(e) of the Penal Code (pertaining to continuous sexual abuse of a young child), which bars the State from "mixing a section 21.02 count with a count for a discrete underlying sexual offense that could have served as part of the section 21.02 count." **Ellison**, 425 S.W.3d at 646–47 (citing **Soliz v. State**, 353 S.W.3d 850, 851–53 (Tex. Crim. App. 2011)). The **Ellison** court went on to specify that this discussion related to legislative intent "in cases of continuous sexual abuse where the specific underlying acts of sexual abuse for which the defendant was convicted occurred against the same victim and within the period the continuous sexual abuse occurred." *Id.* at 647.

Section 21.02(e) provides, in language the **Ellison** court found "substantially tracks" Section 25.11(c), as follows:

---

[5] The same court subsequently quoted **Birdo**'s "could have been charged" language in **Aguilar**. **Aguilar v. State**, No. 02-22-00271-CR, 2023 WL 6631526, at *4–5 (Tex. App.—Fort Worth Oct. 12, 2023, pet. ref'd) (mem. op., not designated for publication). However, **Aguilar** involved convictions for CFV and assault on a family member where the same incident formed the basis for both.

A defendant may not be convicted in the same criminal action of an offense [defined as an act of sexual abuse for purposes of the continuous sexual abuse offense] the victim of which is the same victim as a victim of the [continuous sexual abuse offense] unless the [separate] offense …:

> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX. PENAL CODE ANN. § 21.02 (West 2023). Although the language of the two sections is similar, Section 25.11(c) contains one significant addition:

> A defendant may not be convicted in the same criminal action of another offense the victim of which is an alleged victim of the [continuous family violence offense] **and an element of which is any conduct that is alleged as an element of the [continuous family violence] offense …** unless the other offense:
>
> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (a) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (a).

*Id*. § 25.11(c) (emphasis added).

As we are charged to effectuate all words and phrases of a statute where possible, we are not free to ignore the emphasized portion. *Phillips*, 288 S.W.3d at 880. We have located no Texas jurisprudence considering the impact of this phrase on the issue of double jeopardy involving the offense of continuous violence against the family. However, the United States District Court for the Western District of Texas examined this language when reviewing a habeas corpus petition based in part on double jeopardy allegations, holding, "Under subsection (c), a defendant may be convicted of another offense against the same victim, as long as that offense was not alleged as an element of the continuous violence against family offense." *McBride v. Lumpkin*, No. SA-20-CV-0401-OLG, 2022 WL 585151, at *7–8 (W.D. Tex. Feb. 25, 2022), *certificate of appealability denied*, No. 22-50238, 2022 WL 19335608 (5th Cir. Oct. 20, 2022). In *McBride*, the defendant was previously convicted of CFV (based on a jury charge including five discrete acts), assault family violence by impeding breath, and aggravated assault with a deadly weapon. *Id.* at *8. Both separately-charged offenses occurred on the same date and against the same victim as other conduct alleged under the CFV offense; the court acknowledged

that both share an element with the CFV charge, namely that McBride intentionally, knowingly, or recklessly caused bodily injury to the victim. *Id*. at *7-8. However, the court noted that the separate assaultive offenses "were not elements of the continuous violence against family offense alleged in count 1," specifically because "each of those [separate] counts relied on conduct which was different from the specific conduct alleged under [the CFV charge]." *Id*. Thus, McBride had not received multiple punishments for the same conduct, and no double jeopardy violation existed. *Id.* at *9. We find this holding persuasive, particularly in light of our own examination of the statutory language.

The legislature's choice to use the words "is alleged" in the present tense in Section 25.11(c) indicates an intent to bar additional convictions only for conduct *actually included* as part of the basis of a continuous family violence charge, not for all acts that could have been included. TEX. GOV'T CODE ANN. § 311.011 (courts must construe statutory language according to the rules of grammar). Unlike Section 21.02(e), which prohibits additional convictions for *all* acts of sexual abuse occurring against the same victim and within the same time period as those underlying a continuous sexual abuse conviction, the offense underlying a prohibited conviction under Section 25.11(c) must: (1) be committed against one of the same victims as the CFV offense, (2) have occurred within the same time period as the CFV offense, and (3) have as an element "any conduct that is alleged as an element of the [continuous family violence] offense." TEX. PENAL CODE ANN. § 25.11(c). It is clear from the face of the record that the instances of Appellant's conduct underlying the charges for occlusion assault and aggravated assault were separate and distinct from the instances of conduct alleged as elements of the continuous family violence offense herein. *See id.*; *Ellison*, 425 S.W.3d at 648 (scope of double jeopardy protection afforded by CFV conviction does not reach conduct "for which appellant had not already been punished."). Therefore, Appellant has not been subjected to multiple punishments for the same offense. Accordingly, the trial court's judgments of conviction and sentences for assault of a family member by impeding breath or circulation and aggravated assault with a deadly weapon do not violate Appellant's constitutional protections against double jeopardy. We overrule Appellant's first issue.

## MOTION FOR NEW TRIAL

Appellant's second and third issues both center on his motion for new trial, which was

overruled by operation of law without an evidentiary hearing.

**Jury's Receipt of Additional Evidence**

Appellant alleges in his second issue that he is entitled to a new trial because the jury received additional evidence during deliberations. In his brief, Appellant frames this point of error as a challenge to the trial court's decision to admit the chart into evidence. However, he does not argue that the chart was itself inadmissible and seeks relief in the form of a new trial on the merits. Further, he argued this point of error, referencing Rule 21.3(f) of the Texas Rules of Appellate Procedure, in his motion for new trial. Both a trial court's denial of a motion for new trial and a trial court's allegedly erroneous admission of evidence are reviewed for abuse of discretion. *See Briggs v. State*, 560 S.W.3d 176, 183–84 (Tex. Crim. App. 2018). We construe this point of error as a challenge to the trial court's overruling of Appellant's motion for new trial by operation of law.

*Standard of Review and Applicable Law*

We review a trial judge's ruling on a motion for new trial under an abuse of discretion standard. *Id*. at 183–84. "This is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling." *Id.* at 184 (citing *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017)). A trial court abuses its discretion only when no reasonable view of the record could support its ruling. *Id*. A trial court's ruling will be upheld if it is correct on any applicable legal theory, even if the trial court articulated an invalid basis. *Id.*

Texas Rule of Appellate Procedure 21.3(f) provides that a defendant must be granted a new trial "when, after retiring to deliberate, the jury has received other evidence." TEX. R. APP. P. 21.3(f). In such cases, a two-prong test must be satisfied for the defendant to obtain a new trial: (1) other evidence must have been received by the jury, and (2) the evidence must be detrimental or adverse to the defendant. *Bustamante v. State*, 106 S.W.3d 738, 743 (Tex. Crim. App. 2003). We determine whether the jury "received" other evidence by considering how extensively the jury examined the evidence and whether the jury was instructed to disregard the evidence. *Id*. The second prong focuses on the character of the "other evidence" in light of the issues before the jury; the actual effect of the evidence on the jury is irrelevant. *Hayes v. State*, 484 S.W.3d 554, 557 (Tex. App.—Amarillo 2016, pet. ref'd).

*Analysis*

We note initially that whether the jury in this case received "other evidence" by viewing the chart during deliberations is questionable.[6]  Regarding the five offenses of which Appellant was convicted, the chart contains only information readily apparent on the face of the indictments—the alleged offense, the date or dates on which the alleged offense occurred, and a brief recitation of Appellant's specific acts comprising the alleged offense.[7]  For example, for cause number 6455, the chart states that the offense was "injury to child," that the offense occurred on March 1, 2013, and gives the description "[P.H.] hand on coals/embers."  In comparison, the indictment lists the charge against Appellant as "injury child/elderly/disable w/int bodily inj—22.04(c)PC—Third Degree Felony," occurring on "the 01st day of March, 2013," and alleges that Appellant "intentionally and knowingly caused bodily injury to [P.H.], a child 14 years of age or younger, by physically taking the hand of said [P.H.] and making it touch hot coals/embers."  Decisions from our sister courts suggest that when the alleged "other evidence" was already disclosed to the jurors at the trial, the first prong of the test is not satisfied.  *See, e.g.*, **Saenz v. State**, 976 S.W.2d 314, 323 (Tex. App.—Corpus Christi 1998, no pet.) (discussing **Shivers v. State**, 756 S.W.2d 442 (Tex. App.—Houston [1st Dist.] 1988, no pet.)) ("other evidence" prong satisfied where juror obtained "knowledge not shown by or deducible from the trial evidence" by independently visiting crime scene); **Hines v. State**, 942 S.W.2d 785, 787 (Tex. App.—Fort Worth 1997, no pet.) (jurors' comments about geographic area of offense were not "other evidence" where all jurors personally viewed the area and comments were "subject to confirmation at the scene"); **Flix v. State**, 782 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (no "other evidence" when jurors' unsanctioned visit to crime scene and subsequent comments "added nothing to the deliberations that was not already before the jury in the form of photographs").

However, assuming without deciding that the chart at issue herein was "other evidence" within the meaning of Rule 21.3(f), Appellant is not entitled to a new trial because the chart was not of such a character to be detrimental or adverse to him during jury deliberations.  *See* **Bustamante**, 106 S.W.3d at 743; **Thomison v. State**, No. 11-10-00368-CR, 2012 WL 5989193,

---

[6] The State does not dispute that the jury "received" the chart within the meaning of Rule 21.3(f).

[7] Because Appellant was acquitted in trial cause number 6454, the indictment for that offense is not before us on appeal.

at \*3–4 (Tex. App.—Eastland Nov. 29, 2012, no pet.) (mem. op., not designated for publication). As aforementioned, the chart merely restated information present in the indictments (organized by trial cause number) and contained nothing of a biased or inflammatory nature. *See Thomison*, 2012 WL 5989193 at \*4 (State's annotated copy of jury charge not detrimental because notes "did not add additional facts; they were merely shorthand for what had been alleged," and "the exact handwritten words and phrases … were contained within each adjacent paragraph."); *see also Gilberto Juarez v. State*, No. 13-02-00186-CR, 2003 WL 21686193, at \*2 (Tex. App.—Corpus Christi July 18, 2003, no pet.) (mem. op., not designated for publication) ("State's worksheet, containing a checklist of the elements of appellant's crime, which was viewed throughout the trial but not admitted into evidence," was not of detrimental character).

We conclude that the trial court did not abuse its discretion by failing to grant Appellant's motion for new trial. Consequently, we overrule Appellant's second issue.

## Hearing on Motion for New Trial

In his third issue, Appellant contends that the trial court abused its discretion by overruling his motion for new trial (applicable to each of the five matters in which he was convicted) by operation of law without conducting an evidentiary hearing.

### *Standard of Review and Applicable Law*

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for presenting issues on appeal in the event the motion is denied. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). The opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, but such a hearing is not an absolute right. *Id*. We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion and reverse only when the trial judge's decision lies outside the zone of reasonable disagreement. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009).

A hearing is not required when the matters raised in the motion for new trial are determinable from the record. *Id.* at 199. Moreover, to prevent "fishing expeditions," a defendant who has raised matters not determinable from the record in a motion for new trial must additionally establish the existence of reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.*; *Smith*, 286 S.W.3d at 339. A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim. *Hobbs*, 298

S.W.3d at 200. The affidavit need not reflect every legal component required to establish relief but must reflect that reasonable grounds exist for the relief sought, and specifically show the truth of the grounds alleged as the basis for a new trial. *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). However, if the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the basis for claimed relief, no hearing is required. *Hobbs*, 298 S.W.3d at 200. Appellate review is limited to the trial judge's determination of whether the defendant raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. *Smith*, 286 S.W.3d at 340. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied; if the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. *Id.*

### *Analysis*

As aforementioned, Appellant's motion for new trial was based on the allegation that the jury received other evidence during deliberations, namely the State's chart summarizing the indictments. Contrary to Appellant's assertion, in this case, the issue Appellant raised was and is determinable from the record. There was no dispute that the jury "received" the chart; therefore, it was not necessary for the trial court to examine or receive evidence regarding how extensively the jury reviewed same. *Bustamante*, 106 S.W.3d at 743. Moreover, in determining whether the chart was detrimental or adverse to Appellant within the meaning of Rule 21.3(f), the trial court was limited to examining the "character" of the chart in the context of the issues before the jury and could not have considered any additional extrinsic evidence regarding the chart's actual impact on the jury. *Hayes*, 484 S.W.3d at 557. A finding by the trial court that Appellant failed to fulfill the requirements necessary to entitle him to a hearing on his motion would lie within the zone of reasonable disagreement.

We conclude that the trial court did not abuse its discretion by denying Appellant's motion for new trial without a hearing. Consequently, we overrule his third issue.

### ASSESSMENT OF DUPLICATIVE COURT COSTS

Appellant claims in his fourth issue that the imposition of court costs in trial cause numbers 6261, 6453, 6455, and 6456 is improper because said costs are duplicative of those

assessed in the first case. The State concedes that the assessment of court costs in these cases was error.

**Applicable Law**

The Texas Code of Criminal Procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2023). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

**Analysis**

In this case, the record shows that the allegations and evidence of all the charged offenses were presented in a single plea proceeding, or "criminal action." *See id.* at 203-04. Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The judgments in trial cause numbers 6260, 6261, 6453, 6455, and 6456 each show a court cost assessment of $290.00. Additionally, the bills of cost in each matter contain identical costs. We conclude that the trial court erred by assessing the same fees five times against Appellant. *See id.* Furthermore, Article 102.073(b) provides that costs must be assessed using the highest category of offense based on Appellant's convictions. *See id.* art. 102.073(b). Here, trial cause number 6260, as a second-degree felony, bore the highest category of offense. Accordingly, the court costs should be based on the case bearing trial cause number 6260.

We sustain Appellant's issue as to the duplicative court costs assessed against him in trial cause numbers 6261, 6453, 6455, and 6456. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in trial cause numbers 6261, 6453, 6455, and 6456, we conclude that the judgments, the attached orders to withdraw funds, and the bills of costs in those cases (i.e., appellate cause numbers 12-23-00193-CR, 12-

14

23-00194-CR, 12-23-00195-CR, and 12-23-00196-CR) should be modified to remove the duplicate court costs totaling $290.00. *See id.*; *see also* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having overruled Appellant's first, second and third issues, but sustained Appellant's fourth issue as to trial cause numbers 6261, 6453, 6455, and 6456 (appellate cause numbers 12-23-00193-CR, 12-23-00194-CR, 12-23-00195-CR, and 12-23-00196-CR), we *modify* the trial court's judgment, order to withdraw funds, and bill of costs in each of those cases to reflect that the amount of court costs is $0.00. *See* TEX. R. APP. P. 43.2(b). We *affirm* the trial court's judgment in trial court cause numbers 6261, 6453, 6455, and 6456 as modified. We *affirm* the trial court's judgment in trial court cause number 6260 (appellate cause number 12-23-00192-CR).

**GREG NEELEY**
Justice

Opinion delivered June 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

15



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00192-CR**

**JIMMY HARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court
of Rains County, Texas (Tr.Ct.No. 6260)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00193-CR**

**JIMMY HARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6261)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00194-CR**

**JIMMY HARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6453)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00195-CR**

**JIMMY HARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court
of Rains County, Texas (Tr.Ct.No. 6455)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00196-CR**

**JIMMY HARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 6456)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*